*In re* CARMEN REYES CHICANO y SALVADOR ROVIRA MARTINÓ, querellados.

*Números:* 863
3581

*Resueltos:* 30 de agosto de 1995

*Angelita Rieckehoff, Directora Ejecutiva del Colegio de Abogados de Puerto Rico,* querellante.

PER CURIAM: Nuevamente esta Curia ejerce su jurisdicción disciplinaria y decreta la suspensión indefinida de varios abogados que no han satisfecho el pago de la cuota de colegiación al Colegio de Abogados de Puerto Rico y que, además, han ignorado nuestros repetidos requerimientos que les ordenan mostrar causa por la cual no debían ser suspendidos del ejercicio de la profesión legal por razón de tal incumplimiento de ley. Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4 L.P.R.A. sec. 2001 *et seq.*, y Ley Núm. 43 de 14 de mayo de 1932 (4 L.P.R.A. secs. 733–733a y 771–782). Véanse: *Colegio de Abogados v. Schneider*, 117 D.P.R. 504 (1986); *Schneider v. Colegio de Abogados de Puerto Rico*, 682 F. Supp. 674 (D. P.R. 1988), confirmado por el Tribunal de Apelaciones para el Primer Circuito en 917 F.2d 620 (1er Cir. 1992).

Las querellas contra los Lcdos. Carmen Reyes Chicano y Salvador Rovira Martínez se originaron mediante una pe-

tición jurada del Colegio de Abogados de Puerto Rico de 23 de diciembre de 1994. Oportunamente, emitimos unas órdenes de mostrar causa por la falta del pago de la cuota anual y se les apercibió que su incumplimiento con las órdenes del Tribunal conllevaría la suspensión inmediata del ejercicio de la abogacía. Las resoluciones fueron notificadas por correo certificado y personalmente a través de la Oficina del Alguacil General. Transcurrido un término razonable sin recibir la comparecencia de los abogados, procede resolver este asunto sin ulterior trámite.

Tomando en consideración la renuencia injustificada de estos abogados a satisfacer el pago de la cuota de colegiación —*In re Vega González*, 116 D.P.R. 379, 381 (1985); *Colegio de Abogados v. Schneider*, supra; *In re Serrallés III*, 119 D.P.R. 494, 495–496 (1987); *In re Duprey Maese*, 120 D.P.R. 565 (1988)— y de su craso incumplimiento y total indiferencia con las órdenes de este Tribunal, lo cual de por sí conlleva la imposición de sanciones disciplinarias severas —*In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Colón Torres*, 129 D.P.R. 490 (1991); *In re Nicot Santana*, 129 D.P.R. 717 (1992)— procede que se emita una sentencia que ordene la suspensión inmediata e indefinida del ejercicio de la abogacía en Puerto Rico de todos ellos. Su conducta obstinada y negligente amerita una sanción severa de carácter sumario.

*Se dictará sentencia de conformidad.*