EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                  | 2010 TSPR 224      |
|                         |                    |
|                         | 180 DPR ____       |
| Ketty Rodríguez Cruz    |                    |

Número del Caso: TS-4381

Fecha: 13 de octubre de 2010

Colegio de Abogados de Puerto Rico:

      Lcdo. Israel Pacheco Acevedo

Materia: Conducta Profesional

(La suspensión será efectiva el 8 de diciembre de 2010, fecha en que se le notificó a la abogada de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ketty Rodríguez Cruz          TS-4381

PER CURIAM

San Juan, Puerto Rico, a 13 de octubre de 2010.

Una vez más debemos suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal sobre un procedimiento disciplinario iniciado en su contra. Por las razones que se precisan a continuación, ordenamos la suspensión inmediata e indefinida de la Lcda. Ketty Rodríguez Cruz del ejercicio de la profesión.

I.

La licenciada Rodríguez Cruz fue admitida al ejercicio de la abogacía en 1973 y de la notaría en 1990. Ese último año, la abogada suscribió un contrato de fianza notarial con el Colegio de Abogados de Puerto Rico (Colegio de Abogados). No

obstante, el 21 de abril de 2010 dicha entidad nos informó que la abogada de epígrafe tenía al descubierto el pago de la fianza notarial que venció en agosto de 2009. Así, el 15 de julio de 2010 emitimos una Resolución mediante la cual le concedimos un término de veinte días, contados a partir de la notificación de ésta, para que mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría. En dicha Resolución se le apercibió de que el incumplimiento con los términos pautados por este Tribunal conllevaría la suspensión del ejercicio de la notaría y que, además, podría dar lugar a sanciones disciplinarias adicionales.

La referida Resolución se le notificó mediante correo certificado a la dirección postal de la licenciada Rodríguez Cruz que consta en el Registro Único de Abogados de este Tribunal. Al día de hoy, la licenciada Rodríguez Cruz no ha comparecido ante este Foro, en cumplimiento de la referida Resolución.

II.

Reiteradamente hemos señalado que los abogados tienen el deber y la obligación de responder diligente y oportunamente a los requerimientos y órdenes de este Tribunal, particularmente aquellos relacionados con procedimientos disciplinarios sobre su conducta profesional. Asimismo, hemos expresado que procede la suspensión inmediata de aquellos miembros de la profesión que incumplan nuestros requerimientos e ignoren los apercibimientos de sanciones disciplinarias. *In re* López

de Victoria Bras, res. el 27 de enero de 2010, 2010 T.S.P.R. 18; *In re* Reyes, Rovira, 139 D.P.R. 42 (1995). De igual forma, hemos indicado que los abogados tienen la obligación de responder diligentemente a nuestras órdenes, independientemente de los méritos de la queja presentada en su contra. *In re* Otero Encarnación, res. el 30 de agosto de 2010, 2010 T.S.P.R. 194; *In re García Vallés*, 172 D.P.R. 490 (2007). Por esta razón, en múltiples ocasiones hemos resuelto que no cumplir oportunamente con las órdenes de este Foro y, por lo tanto, mostrar indiferencia ante nuestros señalamientos y apercibimientos, es razón suficiente para que un abogado sea suspendido del ejercicio de la profesión. *In re* López de Victoria Bras*, supra*.; *In re* García Vallés, *supra*.

Por otro lado, el requisito de fianza notarial emana de la Ley Notarial de Puerto Rico, la cual en su Art. 7 dispone que:

> Ninguna persona autorizada para practicar la profesión notarial en Puerto Rico podrá ejercerla sin tener prestada y vigente por una suma no menor de quince mil (15,000) dólares para responder del buen desempeño de las funciones de su cargo y de los daños y perjuicios que por acción u omisión cause en el ejercicio de su ministerio. 4 L.P.R.A. sec. 2011.

El propósito de la fianza notarial y su importancia surge claramente del extracto de ley antes citado, y es que ésta responde por los daños y perjuicios que cause un notario en sus funciones o por el incumplimiento de sus deberes ministeriales como la cancelación de sellos. Sobre este particular, hemos dicho que aquel notario que no cuente con

la protección que ofrece la fianza notarial representa un peligro tanto para el tráfico jurídico como para las personas que utilizan sus servicios. *In re* Cintrón Rodríguez, res. el 26 de agosto de 2009, 2009 T.S.P.R. 148; *In re* Ribas Dominicci I, 131 D.P.R. 491, 499 (1992). Asimismo, hemos indicado que el no hacer gestiones para renovar la fianza notarial constituye una falta de respeto hacia este Tribunal, digna de nuestra intervención disciplinaria. *In re* Cintrón Rodríguez, *supra*; *In re* Ribas Dominicci I, *supra*. Por lo tanto, cualquier abogado que no renueve diligentemente la fianza notarial con el Colegio de Abogados u otra compañía de seguros, se arriesga a que, con carácter inmediato, se le suspenda del notariado. In re Ribas Dominicci I, *supra*, pág. 500.

III.

En este caso nos enfrentamos nuevamente con una abogada que ignora nuestros requerimientos. En esencia, la licenciada Rodríguez Cruz no ha contestado nuestra Resolución del 15 de julio de 2010, cuando se le envió notificación de ésta a la dirección que consta en el Registro Único de Abogados de este Tribunal. Como le advertimos en la referida Resolución, el incumplimiento con los términos y requerimientos expresados en ésta conllevaría la suspensión indefinida del ejercicio del notariado y la imposición de otras sanciones disciplinarias. Por ende, procede ser suspendida inmediatamente del ejercicio de la abogacía y de la notaría.

La licenciada Rodríguez Cruz notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se ordena al Alguacil General de este Tribunal que se incaute de la obra notarial de la licenciada Rodríguez Cruz.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Ketty Rodríguez Cruz                    TS-4381




SENTENCIA

San Juan, Puerto Rico, a 13 de octubre de 2010.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente del ejercicio de la abogacía y de la notaría a la Lic. Ketty Rodríguez Cruz.

La licenciada Rodríguez Cruz notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se ordena al Alguacil General de este Tribunal que se incaute de la obra notarial de la licenciada Rodríguez Cruz.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, el cumplimiento con lo antes ordenado.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo