EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2011 TSPR 91 |
| | 181 DPR ____ |
| Ángel R. Toro Soto | |

Número del Caso: AB-2010-104
                  AB-2010-177
                  AB-2010-169
                  AB-2010-189
                  AB-2010-230
                  AB-2010-263
                  AB-2010-287
                  AB-2010-128

Fecha: 8 de abril de 2011

Materia: Conducta Profesional- La suspensión será efectiva el 17 de junio de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel R. Toro Soto

AB-2010-104
AB-2010-177        Conducta
AB-2010-169        Profesional
AB-2010-189
AB-2010-230
AB-2010-263
AB-2010-287
AB-2010-128

PER CURIAM

San Juan, Puerto Rico, a 8 de abril de 2011.

El día de hoy, nos vemos obligados una vez más a suspender a un miembro de la profesión que desatiende los requerimientos de este Tribunal sobre varias quejas presentadas en su contra e incumple con el Reglamento de este Tribunal al no mantener al día su dirección en el Registro Único de Abogados y Abogadas. Por los fundamentos que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Ángel R. Toro Soto del ejercicio de la abogacía.

I.

El licenciado Toro Soto fue admitido al ejercicio de la abogacía el 5 de enero de 1994 y al de la notaría el 14 de octubre del mismo año. Entre

los meses de mayo y noviembre de 2010, se presentaron ante este Tribunal un total de siete quejas contra el licenciado Toro Soto. A continuación, resumimos cada una estas quejas.

La queja **AB-2010-104** del 13 de mayo de 2010 fue instada por las Sras. Ermenegilda Rodríguez y Elizabeth Matos. Éstas alegaron que contrataron los servicios del licenciado Toro Soto para que les hiciera una declaratoria de herederos. Indicaron que han perdido contacto con el licenciado Toro Soto, quien mantiene en su posesión documentos e información personal de varios herederos.

La queja **AB-2010-128** del 3 de junio de 2010 fue presentada por el Sr. Ángel L. Díaz Carrillo. Éste alegó que, en noviembre de 2007, el licenciado Toro Soto le hizo una escritura de donación. En junio de 2010, el señor Díaz Carrillo se percató de que el licenciado Toro Soto nunca presentó la escritura en el Registro de la Propiedad. Desde entonces, ha tratado de comunicarse con el abogado, pero éste no aparece.

La queja **AB-2010-169** del 28 de junio de 2010 fue traída ante nuestra consideración por el Sr. Edgardo C. Delgado Figueroa. Éste alegó que, en julio de 2008, contrató al licenciado Toro Soto para que lo representara en un caso sobre cobro de dinero en el que figura como demandado. El señor Delgado Figueroa indicó que, en diciembre de 2009, firmó un acuerdo transaccional que el licenciado Toro Soto le presentó. El abogado se comprometió a entregar el acuerdo a la parte demandante para su firma y luego hacerle llegar

copia fiel y exacta del acuerdo al quejoso para que éste procediera a efectuar los pagos correspondientes. El quejoso alegó que el licenciado Toro Soto nunca le entregó la copia del acuerdo transaccional. Sostuvo que trató de comunicarse con el abogado para coordinar la entrega del documento, pero sus intentos fueron infructuosos. Cabe señalar que, en febrero de 2010, la parte demandante presentó ante el Tribunal de Primera Instancia una moción para solicitar ejecución de sentencia por acuerdo transaccional, en la que solicitó al foro primario que ordene el embargo de bienes pertenecientes al quejoso. De esta moción, incluida como apéndice de la queja, surge que, el 29 de diciembre de 2009, el Tribunal de Primera Instancia dictó sentencia por acuerdo transaccional contra el señor Delgado Figueroa.

La queja **AB-2010-177** del 12 de julio de 2010 fue radicada por el Sr. Eulogio Galarza Torres. Éste alegó que contrató los servicios del licenciado Toro Soto para que le llevara una demanda contra una compañía aseguradora. El señor Galarza Torres indicó que ha tratado de comunicarse con el abogado, pero sus gestiones no han tenido éxito. Señaló además que el letrado mantiene en su posesión una parte del expediente de otro caso en el que el licenciado Toro Soto fungió como su abogado.

La queja **AB-2010-189** del 21 de julio de 2010 fue presentada por la Sra. Wilma Western Ortiz. Ésta alegó que contrató al licenciado Toro Soto para que le llevara una demanda sobre acoso laboral. Según se narra en la queja, el

abogado no asistía a las citas, las cancelaba unas horas antes y las posponía. Se desaparecería por semanas y luego meses. Posteriormente, la señora Western Ortiz descubrió que en el caso aún no se había emplazado a la parte demandada, hecho que el abogado negó pero que dio base a que el Tribunal de Primera Instancia desestimara la demanda presentada. La quejosa ya cuenta con nueva representación legal. Sin embargo, el licenciado Toro Soto aún mantiene en su posesión varios documentos de su ex clienta, incluido su expediente médico. La señora Western Ortiz sostuvo que sus intentos por obtener estos documentos han sido en vano.

La queja **AB-2010-230** del 1 de septiembre de 2010 fue instada por el Sr. Antonio García García. Éste alegó que, en julio de 2009, contrató los servicios del licenciado Toro Soto para llevar a cabo un procedimiento de partición de herencia. Con posterioridad al pago, el señor García García estuvo meses sin poder contactar al licenciado Toro Soto. El abogado respondió a las llamadas del quejoso sólo después de que éste le informara, por medio de un mensaje telefónico, que había recibido una notificación del tribunal apercibiéndole de que su caso estaba próximo a ser desestimado. Aún así, el señor García García siguió sin poder comunicarse con el abogado durante meses. El quejoso indica además que el tribunal le impuso una multa de $100 debido a que el abogado nunca le informó que había recibido una notificación que le requería comparecer a una vista pautada para el 12 de abril de 2010.

La queja **AB-2010-263** del 7 de octubre de 2010 fue expuesta por el Sr. Francisco Colón Jurado y la Sra. María E. Colón Jurado, quienes son hermanos. Éstos alegaron que, en junio de 2008, solicitaron los servicios del licenciado Toro Soto para que les tramitara una declaratoria de herederos. En la queja indicaron que desde ese entonces nada saben de las gestiones que el abogado supuestamente hizo. Señalaron que la última vez que hablaron con el licenciado Toro Soto, éste les informó que había mudado su oficina y les proveyó una dirección en la que, según comprobaron luego, no existía tal oficina. Desde entonces, el abogado no contesta sus llamadas.

La queja **AB-2010-287** del 9 de noviembre de 2010 fue traída ante nos por la Sra. Rosa E. Sánchez Mercado. Ésta alegó que contrató al licenciado Toro Soto para que le llevara un caso sobre despido injustificado y discrimen en el empleo. La señora Sánchez Mercado indicó que, en los tres años y ocho meses que el licenciado Toro Soto estuvo a cargo de su caso, no hizo descubrimiento de prueba alguno ni compareció al tribunal, incumplimiento que le mereció al abogado varias sanciones. Según surge de la minuta de una conferencia sobre el estado de los procedimientos en el caso, incluida como apéndice de la queja, el 25 de octubre de 2010 la quejosa tuvo que comparecer ante el tribunal sin representación legal. A preguntas del juez, informó que prescindió de los servicios del licenciado Toro Soto pero que éste le entregó el expediente incompleto. En vista de lo anterior, el tribunal ordenó citar al abogado al próximo

señalamiento so pena de desacato, con $10,000 de fianza. Además, le ordenó presentar prueba de que pagó una sanción de $200 impuesta el 8 de octubre de 2010.

La señora Sánchez Mercado también señaló que el licenciado Toro Soto también desatendió dos casos en los que ella figuraba como codemandada. Por último, relató que su hija contrató al licenciado Toro Soto para que le llevara una demanda, pero el abogado no hizo nada.

***

Respecto a cada una de las referidas quejas, este Tribunal cursó una primera comunicación al abogado requiriéndole contestar la queja en su contra. En varios casos, las misivas fueron devueltas por el servicio de correos debido a que el destinatario se mudó sin dejar dirección adonde remitirle la correspondencia o nunca la reclamó. Ninguna de las quejas fue contestada. En vista de ello, le enviamos al abogado una segunda notificación de cada queja, en la mayoría de los casos a direcciones alternas. Aún así, el licenciado Toro Soto no compareció.

Habida cuenta de lo anterior, emitimos en cada uno de los casos sendas Resoluciones mediante las cuales concedimos al licenciado Toro Soto un término final para que compareciera ante nos y contestara cada una de las quejas presentadas en su contra. En cada Resolución, se le apercibió de que su incumplimiento con lo allí dispuesto podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Estas Resoluciones deberían

ser notificadas personalmente al abogado por la Oficina del Alguacil de nuestro Tribunal.

El 18 de febrero de 2011, dos alguaciles se dirigieron a la dirección residencial del licenciado Toro Soto para diligenciar todas las Resoluciones dictadas. Según surge del informe de los alguaciles, el cual obra en los expedientes de las quejas contra el licenciado Toro Soto, el abogado no se encontraba en la residencia, dejándosele allí una Hoja de Aviso. La encargada de un negocio adyacente, al ser interpelada por los alguaciles, informó a éstos que el licenciado Toro Soto se encontraba en el estado de Massachusetts. A su vez, otra vecina informó que el abogado no residía en el lugar. Así, pues, los alguaciles devolvieron un diligenciamiento negativo.

Al día de hoy, el licenciado Toro Soto aún no ha comparecido para contestar las quejas en su contra, en incumplimiento de nuestros requerimientos. Procede, pues, tomar acción disciplinaria contra el abogado.

## II.

Sabido es que los abogados tienen el deber y la obligación de responder diligente y oportunamente a los requerimientos y órdenes de este Tribunal, particularmente aquellos relacionados con procedimientos disciplinarios sobre su conducta profesional. Hemos señalado, además, que procede la suspensión inmediata de aquellos miembros de la profesión que incumplan nuestros requerimientos e ignoren los apercibimientos de sanciones disciplinarias. *In re* Borges

Lebrón, res. 10 de septiembre de 2010, 2010 T.S.P.R. 211; *In re* López de Victoria Bras, res. el 27 de enero de 2010, 2010 T.S.P.R. 18; *In re* Reyes, Rovira, 139 D.P.R. 42 (1995). Asimismo, hemos expresado que los abogados tienen la obligación de responder diligentemente a nuestras órdenes, independientemente de los méritos de la queja presentada en su contra. *In re* Borges Lebrón, *supra*. Cónsono con lo anterior, hemos resuelto que no cumplir oportunamente con las órdenes de este Foro y, por lo tanto, mostrarse indiferente ante nuestros señalamientos y apercibimientos, es razón suficiente para suspender a un abogado del ejercicio de la profesión. *Íd*.

Por otro lado, es deber de los abogados y notarios notificar cualquier cambio en su dirección postal o física ante este Tribunal. *In re* Borges Lebrón, *supra*; *In re* Serrallés III, 119 D.P.R. 494, 495 (1987). En específico, la Regla 9(j) del Tribunal Supremo le impone a todo abogado la obligación de notificar oportunamente cualquier cambio de dirección, ya sea física o postal, a la Secretaría de este Tribunal. 4 L.P.R.A. Ap. XXI-AR. 9. Para facilitar este proceso hemos establecido el Registro Único de Abogados y Abogadas, cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. Asimismo, las Reglas 65.3 y 67.2 de Procedimiento Civil establecen que las notificaciones sobre órdenes, resoluciones y sentencias

se les notificarán a los abogados y a las abogadas a la dirección que conste en el registro del Tribunal Supremo.

Por esta razón, el 3 de junio de 2010, emitimos una Resolución mediante la cual le ordenamos a todos los abogados y abogadas a que, en cumplimiento con la Regla 9(j) del Reglamento del Tribunal Supremo, *supra*, revisaran y actualizaran, de ser necesario, sus direcciones registradas en el Registro Único de Abogados y Abogadas dentro de los próximos 30 días. Además, en dicha Resolución le recordamos a los abogados y a las abogadas que el incumplimiento con lo ordenado en ésta podría conllevar la imposición de sanciones en su contra, incluyendo sanciones disciplinarias. No olvidemos que cuando un abogado incumple con su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. *In re* Borges Lebrón, *supra*; *In re* Sanabria Ortiz, 256 D.P.R. 345, 349 (2002); *In re* Santiago Méndez, 141 D.P.R. 75, 76 (1996). El incumplimiento de tal deber es suficiente para decretar la separación indefinida de la abogacía. *In re* Soto Colón, 155 D.P.R. 623, 642 (2001); *In re* Berríos Pagán, 126 D.P.R. 458, 459 (1990).

### III.

El licenciado Toro Soto no ha comparecido ante nos para contestar las siete quejas presentadas en su contra. Respecto a cada una de las quejas, se le envió una primera comunicación, la cual en la gran mayoría de los casos fue devuelta por el servicio de correos. Se le envió además una

segunda notificación a direcciones alternas, pero aún así no compareció. Finalmente, emitimos una Resolución concediéndole un término final al abogado para que compareciera y contestara las quejas en su contra. Esta resolución, la cual debía ser notificada personalmente, no pudo ser diligenciada debido a que el licenciado Toro Soto, a todas luces, ya no reside en la dirección que consta en el Registro Único de Abogados y Abogadas.

De la exposición anterior se desprende que el licenciado Toro Soto no ha cumplido con su deber de mantener al día su dirección en el Registro Único de Abogados y Abogadas. Este incumplimiento ha entorpecido el ejercicio de nuestra jurisdicción disciplinaria, con la consecuencia de que todos nuestros requerimientos de comparecencia han sido ignorados. Tal grado de indiferencia es inaceptable. Resulta evidente que el abogado no interesa continuar ejerciendo la profesión. Además, las quejas discutidas anteriormente demuestran que éste no está apto para ejercerla un día más. Por consiguiente, ordenamos la suspensión inmediata e indefinida del Sr. Ángel R. Toro Soto del ejercicio de la abogacía.

El abogado notificará a sus clientes que por motivo de la suspensión no puede continuar representándolos, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. Además, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se ordena al Alguacil General de este Tribunal que se incaute la obra notarial del licenciado Toro Soto.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

|                      | AB-2010-104 |            |
|                      | AB-2010-177 | Conducta   |
| Ángel R. Toro Soto   | AB-2010-169 | Profesional |
|                      | AB-2010-189 |            |
|                      | AB-2010-230 |            |
|                      | AB-2010-263 |            |
|                      | AB-2010-287 |            |
|                      | AB-2010-128 |            |

SENTENCIA

San Juan, Puerto Rico, a 8 de abril de 2011.

Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Sr. Ángel R. Toro Soto del ejercicio de la abogacía.

El abogado notificará a sus clientes que por motivo de la suspensión no puede continuar representándolos, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. Además, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se ordena al Alguacil General de este Tribunal que se incaute la obra notarial del licenciado Toro Soto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo