EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2011 TSPR 173 |
| | 183 DPR ____ |
| Edgardo Zapata Torres | |

Número del Caso: TS-9585

Fecha: 9 de noviembre de 2011

Materia: Conducta Profesional- La suspensión será efectiva el 21 de noviembre de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Edgardo Zapata Torres                    TS-9585

PER CURIAM

San Juan, Puerto Rico, a 9 de noviembre de 2011.

Una vez más nos vemos obligados a suspender a un miembro de la profesión jurídica por incumplir con los requerimientos de este Tribunal como parte de un procedimiento disciplinario instado en su contra. Por los fundamentos que esbozamos a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Edgardo Zapata Torres del ejercicio de la abogacía, quien ya había sido suspendido del ejercicio de la notaría.

I.

El Lcdo. Edgardo Zapata Torres fue admitido al ejercicio de la abogacía el 8 de agosto de 1990. El 4 de septiembre de ese mismo año juramentó como

TS-9585

notario. No obstante, el 18 de septiembre de 2009, fue suspendido por dos meses del ejercicio de la abogacía y de la notaría. Asimismo, en esa última fecha se ordenó la incautación de su obra y sello notarial para la inspección correspondiente. Luego, el licenciado Zapata Torres fue reinstalado solamente al ejercicio de la abogacía, el 18 de agosto de 2010.

Así las cosas, el Sr. Ramón Vázquez Rivera (quejoso) contrató los servicios profesionales del licenciado Zapata Torres para la preparación de una escritura de compraventa. Por esos servicios, el 30 de junio de 2006, alegadamente pagó la cantidad de $4,508.00. Dicha cantidad comprendía la otorgación de la escritura de compraventa y los gastos de inscripción en el Registro de la Propiedad. Alega el quejoso que, al acudir al Registro de la Propiedad, el documento no aparecía ni inscrito ni presentado. Ante esa situación, el señor Vázquez Rivera alega que intentó comunicarse por teléfono con el licenciado Zapata Torres sin obtener contestación.

Por ello, el señor Vázquez Rivera presentó una queja ante la Oficina de la Procuradora General (O.P.G.) contra el licenciado Zapata Torres por alegada conducta profesional impropia. Consecuentemente, la O.P.G. le notificó la queja al letrado en tres ocasiones, a saber, el 27 de septiembre, el 9 de noviembre y el 15 de diciembre de 2010, para que expusiera su postura.

Dichas notificaciones fueron enviadas a las direcciones que aparecen en el Registro de Abogados que

TS-9585

mantiene la Secretaría de este Tribunal, así como a la lista publicada por el Colegio de Abogados. Finalmente, el 29 de octubre de 2010, el licenciado Zapata Torres se comunicó con la O.P.G. e indicó que enviaría su respuesta a la queja. Sin embargo, el licenciado no contestó.

A falta de una respuesta, la O.P.G. presentó ante este Tribunal una *Moción Informativa y en Solicitud de Orden* para que le ordenáramos al licenciado Zapata Torres a comparecer ante la agencia. En vista de eso, emitimos una Resolución el 11 de abril de 2011, en el proceso de Queja Núm. AB-2011-069, concediéndole 10 días, contados a partir de la notificación, para que compareciera ante la O.P.G. a responder los requerimientos de esta. Añadimos que, durante ese mismo término de 10 días debía comparecer ante este Tribunal a exponer las razones por las cuales no debía ser disciplinado por no responder a los requerimientos de la O.P.G. Asimismo, se le apercibió al licenciado Zapata Torres de que el incumplimiento con esa Resolución podía conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

El 9 de mayo de 2011, dicha Resolución se le notificó personalmente al letrado mediante un Alguacil de este Tribunal. No obstante, al día de hoy el licenciado Zapata Torres ha incumplido con nuestra Resolución y no ha comparecido ante la O.P.G. ni ante este Tribunal.

Por otra parte, el letrado también enfrenta otra queja presentada ante este Foro por el Sr. Nelson García  Flores

TS-9585

por representación inadecuada. La Queja Núm. AB-2006-251 aun continúa bajo investigación por la O.P.G.

II.

Como se sabe, todo abogado tiene la obligación de responder oportunamente a los requerimientos de este Tribunal. *In re*: Arroyo Rivera, res. 31 de agosto de 2011, 2011 T.S.P.R. 130; *In re*: Feliciano Jiménez 176 D.P.R. 234 (2009). Ello cobra mayor importancia cuando se trata de un proceso disciplinario sobre su conducta profesional. *In re*: Cristina S. Borges Lebrón, res. 10 de septiembre de 2010, 2010 T.S.P.R. 211.

Hemos reiterado que cuando un abogado no cumple con el deber de responder nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. *In re*: Reyes Rovira, 139 D.P.R. 42 (1995). Aun así, constantemente, nos vemos forzados a suspender miembros de la profesión ante actitudes de indiferencia y menosprecio a nuestros señalamientos. *In re: Arroyo Rivera*, *supra*.

Asimismo, hemos establecido que incumplir con los requerimientos de esta Curia es, en sí mismo, una violación a los Cánones de Ética Profesional. *In re*: Fiel Martínez, res. 15 de diciembre de 2010, 2010 T.S.P.R. 231. Véase, además, Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9, respecto a la exigencia de respeto hacia los tribunales. Con todo lo anterior, la falta de respeto y

observancia a los requerimientos de este Tribunal debe ser considerada como una conducta intolerable.

## III.

En esta ocasión, nos enfrentamos a un abogado que ignora nuestros requerimientos aun bajo apercibimiento de que la falta de cumplimiento conlleva sanciones tan severas como la suspensión del ejercicio de la profesión. En específico, el licenciado Zapata Torres no ha contestado nuestra Resolución del 11 de abril de 2011, en la cual le concedimos 10 días para comparecer ante la O.P.G. y este Tribunal. Como le notificamos personalmente, el incumplimiento con nuestras órdenes conlleva la suspensión indefinida del ejercicio de la abogacía, así como la posible imposición de otras sanciones disciplinarias. Aun así, el licenciado Zapata Torres optó por ignorar la autoridad de este Foro.

En vista de lo anterior, se suspende inmediata e indefinidamente al Lcdo. Edgardo Zapata Torres del ejercicio de la abogacía. Además, se ordena la paralización de la Queja Núm. AB-2006-251, que se encuentra bajo investigación. Así las cosas, el licenciado notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el

que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:
Edgardo Zapata Torres                         TS-9585


SENTENCIA

San Juan, Puerto Rico, a 9 de noviembre de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Edgardo Zapata Torres del ejercicio de la abogacía. Además, se ordena la paralización de la Queja Núm. AB-2006-251, que se encuentra bajo investigación. Así las cosas, el licenciado notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal.


                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo