per curiam:
En esta ocasión, nos vemos forzados a suspender a un miembro de la profesión jurídica por incumplir con los requerimientos de este Tribunal como parte de un procedimiento disciplinario instado en su contra. Por los fundamentos que esbozamos a continuación, ordenamos la suspensión inmediata e indefinida del Ledo. Roberto J.J. Buono Colón del ejercicio de la abogacía y la notaría.
I
El Ledo. Roberto J.J. Buono Colón fue admitido al ejer-cicio de la abogacía el 19 de agosto de 2003. El 22 de sep-tiembre de ese mismo año juramentó como notario.
En 2011 el Sr. Efraín Robles Bruno (quejoso) presentó una queja ante este Tribunal contra el licenciado Buono Colón. Aseguró que contrató los servicios profesionales del licenciado el 30 de junio de 2010 para que lo representara en un pleito de cobro de dinero. El licenciado presentó la demanda, compareció a la primera vista señalada por el foro primario y realizó otros trámites procesales relaciona-dos con el caso.
*381 A partir de octubre de 2010, después que el licenciado presentó en el foro primario una réplica a una moción de desestimación, el señor Robles Bruno no consiguió comuni-carse con el licenciado. Alega el quejoso que intentó comu-nicarse con este último por teléfono, mediante mensajes de voz y de texto, y a través de correos electrónicos.
Según describe en la queja, el señor Robles Bruno reci-bió una minuta del foro de primera instancia indicándole que había realizado una segunda vista a la cual la parte demandante no había comparecido. En esa minuta, el tribunal explicó que la notificación del señalamiento de la vista había sido enviada al licenciado Buono Colón y que había sido devuelta, por lo que señaló otra vista, la cual notificó a las representaciones legales y a la parte deman-dante directamente.
Por esta razón, el señor Robles Bruno presentó una queja ante el Colegio de Abogados el 11 de marzo de 2011. El Colegio de Abogados refirió la queja a este Tribunal. El 6 de abril de 2011 le comunicamos al quejoso que la queja debía estar juramentada ante un notario o en la Secretaría del Tribunal, por lo que le enviamos el documento original para que completara el proceso antes explicado. Así lo hizo.
El 20 de mayo de 2011 le notificamos la queja al licen-ciado a la dirección que aparece en el Registro Unico de Abogados que mantiene la Secretaría de este Tribunal. Esta correspondencia fue devuelta y el licenciado no compareció. Luego, el 8 de agosto de 2011 le enviamos una segunda notificación en la que le concedimos un término de diez días para que compareciera con sus comentarios a la queja. Esta comunicación también fue devuelta y el licen-ciado no contestó.
A falta de una respuesta, el 24 de octubre de 2011 emi-timos una Resolución mediante la cual concedimos al licen-ciado Buono Colón un término final de diez días para que compareciera ante este Tribunal y contestara la queja pre-sentada en su contra. En esta se le apercibió de que el *382 incumplimiento con la Resolución podría acarrear sancio-nes disciplinarias severas, incluyendo la suspensión de la profesión. Dicha Resolución se notificó personalmente por la Oficina del Alguacil de este Tribunal.
El 29 de noviembre de 2011 el licenciado Buono Colón compareció mediante una Moción Informativa, en la que indicó que las notificaciones se le habían enviado a una dirección que ya no era suya y que no había sido su inten-ción desatender los requerimientos de este Tribunal. Ade-más, indicó que tan pronto se le enviara la queja procede-ría a contestarla. Nuevamente le enviamos copia de la queja el 7 de diciembre de 2011. El letrado no presentó su contestación.
Como consecuencia, el 27 de enero de 2012 emitimos otra Resolución en la que le concedimos un término final de veinte días para que compareciera. Esta Resolución se le notificó a la dirección que aparecía en el Registro Unico de Abogados. Una vez más el licenciado no compareció.
En vista de lo anterior, emitimos una última Resolución el 25 de mayo de 2012 en la que otorgamos al letrado cinco días para contestar la queja. Esta Resolución se notificó personalmente. Aún hoy el licenciado no ha comparecido.
II
Todo abogado tiene la obligación de responder oportunamente a los requerimientos de este Tribunal. In re Arroyo Rivera, 182 D.P.R. 732 (2011); In re Feliciano Jiménez, 176 D.P.R. 234 (2009). Ello cobra mayor importancia cuando se trata de un proceso disciplinario sobre su conducta profesional. In re Borges Lebrón, 179 D.P.R. Ap. (2010).
Hemos sido consecuentes en que cuando un abogado no cumple con el deber de responder a nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejerci- *383 ció de la profesión. In re Reyes, Rovira, 139 D.P.R. 42 (1995). Aun así, constantemente nos vemos forzados a suspender miembros de la profesión ante actitudes de indife-rencia y menosprecio a nuestros señalamientos. In re Arroyo Rivera, supra.
Asimismo, hemos reiterado que incumplir con los requerimientos de esta Curia es, en sí mismo, una violación a los cánones que rigen la ética profesional. In re Fiel Martínez, 180 D.P.R. 426 (2010). Véase, además, Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, respecto a la exigencia de respeto hacia los tribunales. Ciertamente, la falta de respeto y de observancia a los requerimientos de este Tribunal es considerada como una conducta intolerable.
III
Una vez más, ejercemos nuestra función disciplinaria en un abogado que ignora nuestros requerimientos aun bajo apercibimiento de que la falta de cumplimiento con-lleva sanciones tan severas como la suspensión del ejerci-cio de la profesión. En particular, el licenciado Buono Colón no ha contestado nuestra última Resolución de 25 de mayo de 2012 —notificada personalmente— en la cual le conce-dimos cinco días para contestar la queja y comparecer ante este Tribunal. Como hemos visto, el incumplimiento con nuestras órdenes conlleva la suspensión indefinida del ejercicio de la abogacía, así como la posible imposición de otras sanciones disciplinarias. Aun así, todavía hoy el li-cenciado Buono Colón no ha cumplido con nuestros múlti-ples requerimientos.
Es sorprendente que personas que han obtenido sus tí-tulos académicos y profesionales luego de muchos años de estudios y sacrificios personales y familiares sean suspen-didos por su incumplimiento en contestar las órdenes de este Tribunal. Su actitud denota un menosprecio por lo que *384 representa el título de abogado y el certificado que le en-tregó este Tribunal para ejercer la abogacía.
En vista de lo anterior, se suspende inmediata e indefi-nidamente al Ledo. Roberto J.J. Buono Colón del ejercicio de la abogacía y la notaría. Además, se ordena el archivo de la Queja Núm. AB-2011-111 hasta que el letrado solicite su reinstalación. Así las cosas, el licenciado deberá notifi-car a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal, y les devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, de-berá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones habrán de ser certifi-cadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia. Además, el Alguacil de este Tribunal procederá a incautar la obra notarial del licenciado Buono Colón y su sello notarial, y los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera García no intervino.