EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Sharlene Ballesteros La Salle | 2014 TSPR 17<br><br>190 DPR ____ |
| --- | --- |

Número del Caso: AB-2011-301

Fecha: 6 de febrero de 2014

Materia: Conducta Profesional – La suspensión será efectiva el 10 de febrero de 2014 fecha en que se le notificó a la abogada de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Sharlene Ballesteros La Salle        AB-2011-0301        Queja

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de febrero de 2014.

Nuevamente, nos vemos obligados a ejercer nuestra función disciplinaria para suspender a un miembro de la profesión jurídica por incumplir con los requerimientos de este Tribunal realizados en un procedimiento disciplinario iniciado en su contra. Por los fundamentos que exponemos a continuación, suspendemos inmediata e indefinidamente a la Lcda. Sharlene Ballesteros La Salle del ejercicio de la abogacía y la notaría.

I.

La licenciada Ballesteros La Salle fue admitida al ejercicio de la abogacía el 20 de agosto de 2007. El 29 de julio de 2009 juramentó como notaria.

El 19 de septiembre de 2011, la Sra. Petrona Agosto Adorno (quejosa) presentó una queja ante este Tribunal contra la licenciada Ballesteros La Salle. Adujo que en el 2010 contrató los servicios profesionales de la licenciada para tramitar un caso en el Departamento de la Vivienda. Según relata la quejosa, cuando el caso estaba en una etapa avanzada, la letrada desapareció y no ha podido ser contactada para disponer del caso. Aseguró que se comunicó con el Departamento de la Vivienda y allí le indicaron que su caso llevaba un año paralizado porque la abogada no había podido ser contactada.

Como parte de las gestiones realizadas para conseguirla, la quejosa hizo llamadas telefónicas y envió correos electrónicos, así como cartas certificadas. También alegó que visitó la oficina de la abogada y estaba cerrada. Según describe en la queja, la señora Agosto Adorno en una ocasión logró que la licenciada Ballesteros La Salle contestara el teléfono, pero al escucharla colgó. Luego, la licenciada le devolvió la llamada y le indicó que ya había enviado el título de propiedad a la licenciada de la otra parte para que fuera donde ella a buscarlo. Desde entonces, arguyó que han sido infructuosos todos sus esfuerzos para conseguirla.

Asimismo, la quejosa expresó que por no poder comunicarse con la letrada, en enero de 2012 venció el término para revisar una sentencia y no pudo presentar la apelación. Transcurrido más de dos años desde que contrató

los servicios de la licenciada Ballesteros La Salle, la quejosa suplica que se le devuelva el expediente del caso.

Por esta razón, la señora Agosto Adorno presentó una queja ante este Tribunal. El 30 de septiembre de 2011, le notificamos la queja a la licenciada Ballesteros La Salle a la dirección que aparece en el Registro Único de Abogados que mantiene la Secretaría de este Tribunal concediéndole un término de diez días para que compareciera con sus comentarios a la queja. Esa correspondencia fue devuelta por el correo como "unclaimed". Luego, el 7 de diciembre de 2011 le enviamos una segunda notificación, la cual fue recibida. No obstante, la licenciada no compareció.

Ante la falta de una respuesta, el 25 de octubre de 2012 emitimos una Resolución concediéndole un término final de cinco días para que compareciera ante este Tribunal y contestara la queja presentada en su contra. Se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Dicha Resolución se notificó personalmente por la Oficina del Alguacil de este Tribunal. Al día de hoy, la letrada no ha comparecido.

## II.

Los principios deontológicos que rigen la profesión de la abogacía expresan claramente que todo abogado tiene el deber de responder oportunamente a los requerimientos de este Tribunal. In re Efrén Irizarry Colón, 2013 T.S.P.R. 145, 189 D.P.R. ___ (2013); In re Feliciano Jiménez, 176 D.P.R. 234 (2009). Véase, además, Canon 9 del Código de

Ética Profesional, 4 L.P.R.A. Ap. IX C.9, respecto a la exigencia de respeto hacia los tribunales. Ello tiene particular importancia cuando se trata de un proceso disciplinario que puede poner en entredicho su conducta profesional. In re Ángel Morales Rodríguez, 179 D.P.R. 766 (2010).

Es inaceptable que los miembros de esta profesión tomen livianamente esa responsabilidad. Consecuentemente, cuando un abogado incumple con el deber de responder a nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata e indefinida del ejercicio de la profesión. In re Reyes, Rovira, 139 D.P.R. 42 (1995). Aun así, constantemente, nos vemos forzados a suspender miembros de la profesión ante actitudes de indiferencia y menosprecio a nuestros señalamientos. In re Janet Rivera Rosado, 180 D.P.R. 698 (2011).

Asimismo, nos hemos visto obligados a reiterar que incumplir con los requerimientos de este Tribunal es, en sí mismo, una violación a los Cánones de Ética Profesional. In re Fiel Martínez, 180 D.P.R. 426 (2010).

III.

Indudablemente, el incumplimiento y la inobservancia de los requerimientos de este Tribunal es una conducta intolerable e indigna de los miembros de la profesión. En esta ocasión, nos enfrentamos a una licenciada que no cumple con nuestros requerimientos. Esto, ni siquiera bajo el apercibimiento de que la falta de cumplimiento podría

conllevar sanciones tan severas como la suspensión del ejercicio de la profesión. En particular, la licenciada Ballesteros La Salle no ha respondido a ninguna de nuestras notificaciones que le permitirían contestar la queja presentada en su contra. Particularmente, no ha contestado nuestra Resolución emitida el 25 de octubre de 2012, la cual fue notificada personalmente, y en la que le concedimos un término final de cinco días para contestar la queja y comparecer ante este Tribunal. Según expresamos anteriormente, el incumplimiento con nuestras órdenes conlleva la suspensión indefinida del ejercicio de la abogacía, así como la posible imposición de otras sanciones disciplinarias. Aun así, al día de hoy, casi un año y medio después de notificada nuestra Resolución concediendo un término final de cinco días, la licenciada no ha cumplido.

En vista de lo anterior, se suspende inmediata e indefinidamente a la Lcda. Sharlene Ballesteros La Salle del ejercicio de la abogacía y la notaría. Además, se ordena el archivo de la Queja Núm. AB-2013-67 hasta que la letrada solicite su reinstalación. La licenciada deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y le devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones habrán de ser certificadas a este Tribunal dentro del término de 30

días a partir de la notificación de esta Opinión y Sentencia.

Además, el Alguacil de este Tribunal procederá a incautar la obra notarial de la licenciada Ballesteros La Salle y su sello notarial, y hará entrega de los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Sharlene Ballesteros La Salle    AB-2011-0301    Queja

SENTENCIA

En San Juan, Puerto Rico, a 6 de febrero de 2014.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente a la Lcda. Sherlene Ballesteros La Salle del ejercicio de la abogacía y la notaría. Además, se ordena el archivo de la Queja Núm. AB-2013-67 hasta que la letrada solicite su reinstalación. La licenciada deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y le devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones habrán de ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Además, el Alguacil de este Tribunal procederá a incautar la obra notarial de la licenciada Ballesteros La Salle y su sello notarial, y hará entrega de los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

        Lo acordó el Tribunal y certifica la Secretaria del Tribunal.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo