EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Gilberto Rodríguez Zayas | 2014 TSPR 34<br><br>190 DPR ____ |

Número del Caso: AB-2012-45


Fecha: 28 de febrero de 2014


Abogado de la Parte Querellada:

      Por derecho propio

Oficina de la Procuradora General:


      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Gisela Rivera Matos
      Procuradora General Auxiliar




Materia: Conducta Profesional- La suspensión será efectiva el 10 de marzo de 2014 fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gilberto Rodríguez Zayas          AB-2012-45          Queja

*PER CURIAM*

En San Juan, Puerto Rico, a 28 de febrero de 2014.

En esta ocasión, nos vemos obligados a ejercer nuestra función disciplinaria para suspender a un abogado por incumplir con los requerimientos de este Tribunal realizados en un procedimiento disciplinario iniciado en su contra. Por los fundamentos que exponemos a continuación, suspendemos inmediata e indefinidamente al Lcdo. Gilberto Rodríguez Zayas del ejercicio de la abogacía y la notaría.

I.

El licenciado Rodríguez Zayas fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982. El 7 de febrero de 1983, juramentó como notario. Por

ser nombrado Juez Municipal, solicitó su renuncia a la notaría en el 1986. Luego, renunció al cargo como juez y en 1995 fue readmitido al ejercicio del notariado.

El 6 de febrero de 2012, el Sr. Luis Mercado Figueroa (quejoso) presentó una queja juramentada contra el licenciado Rodríguez Zayas. Expresó que contactó al letrado para que lo representara en una vista administrativa ante el Departamento de Asuntos del Consumidor (DACo). Luego de esa conversación inicial, el licenciado solicitó $800 por los servicios, de los cuales el quejoso le adelantó $400 en la primera visita que hizo a su oficina. El quejoso alegó que el licenciado cobró los $400 por un trabajo que no realizó, pues solicitó una prórroga para contestar una moción de desestimación, la cual nunca contestó.

Surge de una Resolución emitida por el DACo que el señor Mercado Figueroa compareció a la vista administrativa junto al licenciado Rodríguez Zayas como la parte querellante. Sin embargo, en la vista, la parte querellada presentó una contestación y moción de desestimación a la que la parte querellante se opuso y solicitó 20 días para presentar su oposición por escrito. A falta de comparecencia, el DACo concedió otra prórroga, pero la parte querellante no presentó su oposición. El DACo desestimó la querella.

El 16 de febrero de 2012, la Secretaría de este Tribunal remitió una carta al licenciado Rodríguez Zayas para que en un término de 10 días compareciera y presentara su reacción por escrito sobre la queja.

El 12 de marzo de 2012, el licenciado Rodríguez Zayas presentó sus comentarios. Aceptó que había sido contratado por el quejoso, quien le pagó $400 dólares de $800 que había requerido por sus servicios. Indicó que no había actuado de manera contraria a los Cánones de Ética Profesional, pues cumplió con su responsabilidad de orientar al quejoso e informarle que no tenía probabilidades de prevalecer en el caso. Explicó que no presentó la contestación a la moción de desestimación porque, tras analizarla, entendió que su cliente no tenía razón. En específico, de un análisis de los documentos llevados por el quejoso pudo determinar que la reclamación estaba prescrita y que aplicaba la doctrina de cosa juzgada. Arguyó que le explicó esto y le informó que, como el caso no continuaría, le iba a cobrar solo $300 por el análisis y la comparecencia a la vista y le devolvería $100 de los que fueron adelantados. Añadió que el quejoso no le indicó que tuviera prueba para rebatir las alegaciones de la moción de desestimación, ni le solicitó que presentara una moción de reconsideración.

No obstante, continuó explicando que luego coincidió con el quejoso en un velorio, donde le dijo que solo le cobraría $200, por lo que le devolvería $200. Según él, el señor Mercado Figueroa estuvo de acuerdo con esos honorarios. Adujo que le recalcó que le diera seguimiento para que no se le olvidara. Luego, el licenciado Rodríguez Zayas expresa que confrontó problemas de salud, como ataques de asma, que lo obligaron a mantenerse en reposo, razón por la cual no había hecho la devolución de los honorarios.

Más adelante, señaló el licenciado, volvieron a coincidir en otro velorio donde se le acercó para disculparse y explicarle los problemas de salud que había enfrentado, pero que el quejoso le faltó el respeto. Según él, le insistió en que lo llamara para darle la dirección y enviar el dinero, pero este no lo hizo. Por último, el quejoso reiteró su disposición para devolver los $200.

Referimos este asunto a la Oficina del Procurador General, la cual nos sometió un informe. En este indicó que se comunicaron con el quejoso por teléfono y que este señaló que el querellado nunca le informó que no compareciera a contestar la moción de desestimación. De hecho, el señor Mercado Figueroa mencionó que se enteró de su incomparecencia cuando se le notificó la Resolución del DACo. Además, en el informe se expone que se comunicaron con el querellado y este señaló que no existió un contrato escrito entre ellos y reiteró los señalamientos de su contestación a la queja.

En su informe, la Oficina del Procurador General entendió que era necesaria una adjudicación de credibilidad, por existir hechos contradictorios, para dilucidar si el licenciado Rodríguez Zayas incurrió en una violación a los Cánones de Ética Profesional. Respecto a los $200 que el querellado quedó en devolver al quejoso, concluyó que es una conducta que podría ser violatoria al Canon 23 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 23.

Tras examinar dicho informe, el 6 de junio de 2012 emitimos una Resolución en la que concedimos al querellado un término de 20 días a partir de su notificación para

expresarse sobre el informe presentado por la Oficina del Procurador General. Advertimos que, de no comparecer, se entendía que se allanaba a las recomendaciones del informe. Como este no compareció, emitimos una segunda Resolución el 6 de julio de 2012 en la que le concedimos otro término de 20 días para que se expresara.

En respuesta, el licenciado Rodríguez Zayas presentó una moción urgente de prórroga para le concediéramos 20 días adicionales para replicar al informe. Alegó que no había podido contestar antes por razones de enfermedad. En atención a su moción, el 15 de agosto de 2012 emitimos una Resolución accediendo a lo solicitado. Aclaramos que el término sería uno final para cumplir con nuestra Resolución del 6 de julio de 2012.

El 25 de agosto de 2012, el querellado compareció y reiteró no haber incurrido en conducta antiética. Ante esa situación, el 25 de enero de 2013 ordenamos al abogado a que devolviera los $200 y, una vez lo acreditara, archivaríamos la queja con apercibimiento. Sin embargo, el 14 de agosto de 2013 la Oficina del Procurador General presentó una moción informativa ante este Tribunal en la que nos notificó que habían transcurridos más de seis meses sin que el querellado acreditara su cumplimiento con nuestra orden. Al día de hoy, más de un año después de emitida la orden, el querellado no ha acreditado su cumplimiento.

II.

Todo abogado tiene el deber de responder oportunamente a los requerimientos de este Tribunal. In re Irizarry Colón,

2013 T.S.P.R. 145, 189 D.P.R. ___ (2013); In re Montes Díaz, 184 D.P.R. 90 (2011). Así lo exige el Canon 9 del Código de Ética Profesional al establecer que:

> [e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde ocurrieren tales ataques o atentados, el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.
>
> El deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observen una actitud cortés y respetuosa. 4 L.P.R.A. Ap. IX, C.9.

Hemos enfatizado que la naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias, particularmente, porque puede poner en entredicho su conducta profesional. In re Morales Rodríguez, 179 D.P.R. 766 (2010).

Lamentablemente, hay miembros de la profesión legal que no cumplen con este principio deontológico y nos vemos obligados a ejercer nuestra función disciplinaria. In re Rivera Rosado, 180 D.P.R. 698 (2011). Consecuentemente, cuando un abogado incumple con el deber de responder a nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata e indefinida del ejercicio de la profesión. In re Reyes, Rovira, 139 D.P.R. 42 (1995). Esto, pues se configura una

falta independiente a los méritos de la queja presentada cuando un abogado incumple con esa disposición ética. In re Prieto Rivera, 180 D.P.R. 692 (2011). Necesariamente, esto nos permite atajar los patrones de dejadez e inobservancia por parte de los miembros de la profesión que son incompatibles con el ejercicio de la abogacía. In re González Barreto, 169 D.P.R. 772 (2006).

Recientemente, reiteramos que **desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal.** In re Massanet Rodríguez, 188 D.P.R. 116, 126 (2013) (Énfasis en el original). **Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente este Foro.** Íd.

### III.

El incumplimiento y la inobservancia a nuestros requerimientos son conductas incompatibles con la profesión legal. Aun así, frecuentemente nos vemos obligados a suspender miembros de la profesión por incumplir esta responsabilidad como parte de procedimientos iniciados en su contra. Hoy, nos encontramos ante la conducta de dejadez del licenciado Rodríguez Zayas.

Definitivamente, este abogado ha actuado de forma reprochable al incumplir con nuestra Resolución del 13 de enero de 2013, en la que le ordenamos devolver los $200 al quejoso. Esto, aún cuando, en lugar de continuar con el procedimiento disciplinario, condicionamos el archivo de la

queja a que acreditara su cumplimiento con nuestra orden. Desafortunadamente, desde esa fecha no hemos recibido ninguna comunicación de parte del licenciado.

Nuevamente, el incumplimiento con nuestras órdenes conlleva la suspensión indefinida del ejercicio de la abogacía, así como la posible imposición de otras sanciones disciplinarias. En vista de lo anterior, se suspende inmediata e indefinidamente al licenciado Rodríguez Zayas del ejercicio de la abogacía y la notaría. Este deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y le devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones habrán de ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Además, el Alguacil de este Tribunal procederá a incautar la obra notarial del licenciado Rodríguez Zayas y su sello notarial, y hará entrega de los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Gilberto Rodríguez Zayas          AB-2012-45          Queja


SENTENCIA


En San Juan, Puerto Rico, a 28 de febrero de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Rodríguez Zayas del ejercicio de la abogacía y la notaría. Este deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y le devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones habrán de ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Además, el Alguacil de este Tribunal procederá a incautar la obra notarial del licenciado Rodríguez Zayas y su sello notarial, y hará entrega de los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo