*In re* JUAN E. SERRALLÉS III, LUIS A. MICHELI PAGÁN, MANUEL H. CUERVO SÁNCHEZ, JOSÉ M. NEGRÓN CRESPO, RAMÓN TORRES CATALÁN y HÉCTOR RODRÍGUEZ MORENO.

*Números:* 1838
2346
2840
6336
7028
7544

*Resueltos:* 26 de octubre de 1987

I

PER CURIAM: La consolidación y disposición de estas querellas obedece a que todas presentan los siguientes denominadores comunes: (1) se originan mediante petición jurada del Colegio de Abogados de P.R.; (2) están basadas en que los abogados de epígrafe no han satisfecho sus cuotas anuales; (3) emitimos órdenes de mostrar causa, y (4) las notificaciones por correo certificado de esas órdenes y el

diligenciamiento personal han resultado infructuosos. De un lado, el sistema de correos nos ha devuelto dicha correspondencia, y del otro, todo diligenciamiento personal ha sido imposible. Surge que nuestras órdenes fueron dirigidas a las direcciones postales suministradas en sus expedientes personales obrantes en Secretaría.

## II

En *In re Rigau, Jr.*, 118 D.P.R. 89, 92 (1986), expusimos lo siguiente:

> El deber de todo abogado y notario, de notificar cualquier cambio de residencia o de oficina notarial —también impuesto en la Ley Notarial, 4 L.P.R.A. sec. 1002— y el de rendir un informe anual, ambos conforme la Regla 12(a) de nuestro Reglamento, son medidas necesarias adoptadas por este foro en su función rectora constitucional de regular el ejercicio de la abogacía investida de carácter público. Tienen como propósito proveer un mecanismo simple y económico de comunicación ante el aumento en espiral que ha experimentado en los últimos años la profesión de abogado.

Éste pronunciamiento es pertinente a la presente decisión. La Regla 8(j) de nuestro Reglamento, *in fine*, impone a todo abogado la obligación de notificar cualquier cambio en su dirección postal. Así lo exigen la naturaleza y confianza pública que conlleva la abogacía y su reglamentación por este foro. Cuando en incidentes de quejas y querellas, la omisión del abogado de mantener al día su dirección obstaculiza sustancialmente una adecuada canalización del ejercicio de nuestra jurisdicción disciplinaria o su labor investigativa, ello de por sí, podría justificar, como medida auxiliadora, una suspensión temporal. Si a ello añadimos el no haberse satisfecho las cuotas del Colegio de Abogados, es evidente la procedencia

de una sentencia que *ordene la separación inmediata y permanente del ejercicio de la abogacía en Puerto Rico.*

A tono con lo expuesto, *se dictará la correspondiente sentencia.*

La Juez Asociada Señora Naveira de Rodón no intervino.