EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2010 TSPR 211 |
| | |
| | 179 DPR _____ |
| Cristina S. Borges Lebrón | |

Número del Caso: TS-16448

Fecha: 10 de septiembre de 2010

Colegio de Abogados de Puerto Rico:

　　　Lcdo. Israel Pacheco Acevedo

Materia: Conducta Profesional

(La suspensión será efectiva el 1ro de noviembre de 2010, fecha en que se le notificó a la abogada de su suspensión inmediata e indefinida por correo certificado con acuse de recibo.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Cristina S. Borges Lebrón          TS-16448

PER CURIAM

San Juan, Puerto Rico, a 10 de septiembre de 2010.

De nuevo tenemos que suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal sobre un procedimiento disciplinario iniciado en su contra. Por las razones que se exponen a continuación, ordenamos la suspensión inmediata e indefinida de la Lcda. Cristina S. Borges Lebrón del ejercicio de la abogacía y de la notaría.

I.

La licenciada Borges Lebrón fue admitida al ejercicio de la abogacía y de la notaría en el 2007. Ese mismo año la abogada suscribió un contrato de fianza notarial con el Colegio de Abogados de Puerto Rico (Colegio de Abogados). No obstante, el 10 de febrero de 2010 el Colegio de Abogados nos informó

que la abogada de epígrafe tenía al descubierto el pago de la fianza notarial que venció ese mismo mes. Así, el 8 de marzo de 2010 emitimos una Resolución mediante la que le concedimos un término de veinte días, contados a partir de la notificación de ésta, para que mostrara causa por la cual no debe ser suspendida del ejercicio de la notaría. En dicha Resolución se le apercibió de que el incumplimiento con los términos pautados por este Tribunal conllevaría la suspensión del ejercicio de la notaría y que, además, podrá dar lugar a sanciones disciplinarias adicionales.

La referida Resolución se le notificó mediante correo certificado a la dirección postal de la licenciada Borges Lebrón que consta en el Registro Único de Abogados de este Tribunal. Sin embargo, la misiva fue devuelta al no ser recibida. Por tal razón, la licenciada Borges Lebrón no ha comparecido ante este Tribunal en cumplimiento de la referida Resolución.

II.

En reiteradas ocasiones hemos expresado que los abogados tienen el deber y la obligación de responder diligente y oportunamente a los requerimientos y órdenes de este Tribunal, particularmente aquellos relacionados con procedimientos disciplinarios sobre su conducta profesional. Hemos señalado, además, que procede la suspensión inmediata de aquellos miembros de la profesión que incumpla nuestros requerimientos e ignore los apercibimientos de sanciones disciplinarias. *In re* López de Victoria Bras, res. el 27 de enero de 2010, 2010 T.S.P.R. 18; *In re* Reyes, Rovira, 139

D.P.R. 42 (1995). Asimismo, hemos expresado que los abogados tienen la obligación de responder diligentemente a nuestras órdenes, independientemente de los méritos de la queja presentada en su contra. *In re García Vallés*, res. el 7 de noviembre de 2007, 2007 T.S.P.R. 196. Por esta razón, en múltiples ocasiones hemos resuelto que no cumplir oportunamente con las órdenes de este Foro y, por lo tanto, mostrar indiferencia ante nuestros señalamientos y apercibimientos, es razón suficiente para que un abogado sea suspendido del ejercicio de la profesión. *In re García Vallés*, *supra*.

Por otro lado, nuevamente nos vemos obligados a recordarles a todos los abogados y notarios su deber de notificar cualquier cambio en su dirección postal o física. *In re Serrallés III*, 119 D.P.R. 494, 495 (1987). En específico, la Regla 9(j) del Tribunal Supremo le impone a todo abogado la obligación de notificar oportunamente cualquier cambio de dirección, ya sea física o postal, a la Secretaría de este Tribunal. 4 L.P.R.A. Ap. XXI-AR. 9. Para facilitar este proceso hemos establecido el Registro Único de Abogados y Abogadas, cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. Asimismo, las Reglas 65.3 y 67.2 de Procedimiento Civil establecen que las notificaciones sobre órdenes, resoluciones y sentencias se les notificarán a los abogados y a las abogadas a la dirección que conste en el registro del Tribunal Supremo.

Por esta razón, el 3 de junio de 2010 emitimos una Resolución mediante la cual le ordenamos a todos los abogados y abogadas a que en cumplimiento con la Regla 9(j) del Reglamento del Tribunal Supremo, *supra*, revisaran y actualizaran, de ser necesario, sus direcciones registradas en el Registro Único de Abogados y Abogadas dentro de los próximos 30 días. Además, en dicha Resolución le recordamos a los abogados y a las abogadas que el incumplimiento con lo ordenado en ésta podrá conllevar la imposición de sanciones en su contra, incluyendo sanciones disciplinarias. No olvidemos que cuando un abogado incumple con su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. *In re* Sanabria Ortiz, 256 D.P.R. 345, 349 (2002); *In re* Santiago Méndez, 141 D.P.R. 75, 76 (1996). El incumplimiento de tal deber es suficiente para decretar la separación indefinida de la abogacía. *In re* Soto Colón, 155 D.P.R. 623, 642 (2001); *In re* Berríos Pagán, 126 D.P.R. 458, 459 (1990).

De otra parte, el requisito de fianza notarial emana de la Ley Notarial de Puerto Rico, la cual en su Art. 7 dispone que:

> Ninguna persona autorizada para practicar la profesión notarial en Puerto Rico podrá ejercerla sin tener prestada y vigente por una suma no menor de quince mil (15,000) dólares para responder del buen desempeño de las funciones de su cargo y de los daños y perjuicios que por acción u omisión cause en el ejercicio de su ministerio. 4 L.P.R.A. sec. 2011.

El propósito de la fianza notarial y su importancia surge claramente del extracto de ley antes citado, y es que ésta responde por los daños y perjuicios que cause un notario en

sus funciones o por el incumplimiento de sus deberes ministeriales como la cancelación de sellos. *In re* Ribas Dominicci I, 131 D.P.R. 491, 497 (1992). Por lo tanto, cualquier abogado que no renueve diligentemente la fianza notarial con el Colegio de Abogados u otra compañía de seguro, se arriesga a que, con carácter inmediato, se suspenda del notariado. In re Ribas Dominicci I, *supra*, pág. 500.

### III.

En este caso nos enfrentamos de nuevo con una abogada que ignora nuestros requerimientos. En esencia, la licenciada Borges Lebrón no ha contestado nuestra Resolución del 8 de marzo de 2010 cuando se le envió notificación de ésta a la dirección que consta en el Registro Único de Abogados de este Tribunal. Como le advertimos en la referida Resolución, el incumplimiento con los términos y requerimientos expresados en ésta conllevaría la suspensión indefinida del ejercicio del notariado y la imposición de otras sanciones disciplinarias. Por ende, procede ser suspendida inmediatamente del ejercicio de la abogacía y de la notaría.

La licenciada Borges Lebrón notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se ordena al Alguacil General de este Tribunal que se incaute de la obra notarial de la licenciada Borges Lebrón.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Cristina S. Borges Lebrón                TS-16448

SENTENCIA

San Juan, Puerto Rico, a 10 de septiembre de 2010.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente del ejercicio de la abogacía y de la notaría a la Lcda. Cristina S. Borges Lebrón.

La licenciada Borges Lebrón notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se ordena al Alguacil General de este Tribunal que se incaute de la obra notarial de la licenciada Borges Lebrón.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo