per curiam:
Hoy nos vemos obligados una vez más a suspender a un miembro de la profesión que desatiende los requerimientos de este Tribunal sobre varias quejas pre-sentadas en su contra e incumple con el Reglamento de este Tribunal al no mantener al día su dirección en el Re-gistro Unico de Abogados y Abogadas. Por los fundamentos que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Ledo. Ángel R. Toro Soto del ejercicio de la abogacía.
I
El licenciado Toro Soto fue admitido al ejercicio de la abogacía el 5 de enero de 1994 y al de la notaría el 14 de octubre del mismo año. Entre mayo y noviembre de 2010 se presentaron ante este Tribunal siete quejas contra el licen-ciado Toro Soto. A continuación, resumimos cada una estas quejas.
La queja AB-2010-104 de 13 de mayo de 2010 la insta-ron las Sras. Ermenegilda Rodríguez y Elizabeth Matos. *656 Estas alegaron que contrataron los servicios del licenciado Toro Soto para que les hiciera una declaratoria de herederos. Indicaron que han perdido contacto con el licen-ciado Toro Soto, quien mantiene en su posesión documen-tos e información personal de varios herederos.
La queja AB-2010-128 de 3 de junio de 2010 la presentó el Sr. Angel L. Díaz Carrillo. Este alegó que, en noviembre de 2007, el licenciado Toro Soto le hizo una escritura de donación. En junio de 2010, el señor Díaz Carrillo se per-cató de que el licenciado Toro Soto nunca presentó la escri-tura en el Registro de la Propiedad. Desde entonces, ha tratado de comunicarse con el abogado, pero este no aparece.
La queja AB-2010-169 de 28 de jimio de 2010 la trajo ante nuestra consideración el Sr. Edgardo C. Delgado Figueroa. Este alegó que, en julio de 2008, contrató al li-cenciado Toro Soto para que lo representara en un caso sobre cobro de dinero en el que figura como demandado. El señor Delgado Figueroa indicó que, en diciembre de 2009, firmó un acuerdo transaccional que el licenciado Toro Soto le presentó. El abogado se comprometió a entregar el acuerdo a la parte demandante para que lo firmara y luego entregarle copia fiel y exacta del acuerdo al quejoso para que este efectuara los pagos correspondientes. El quejoso alegó que el licenciado Toro Soto nunca le entregó la copia del acuerdo transaccional. Sostuvo que trató de comuni-carse con el abogado para coordinar la entrega del docu-mento, pero sus intentos fueron infructuosos. Cabe señalar que, en febrero de 2010, la parte demandante presentó ante el Tribunal de Primera Instancia una moción para solicitar ejecución de sentencia por acuerdo transaccional, en la que solicitó al foro primario que ordenara el embargo de bienes del quejoso. De esta moción, incluida como apén-dice de la queja, surge que, el 29 de diciembre de 2009, el Tribunal de Primera Instancia dictó una sentencia por acuerdo transaccional contra el señor Delgado Figueroa.
*657 La queja AB-2010-177 de 12 de julio de 2010 la presentó el Sr. Eulogio Galarza Torres. Este alegó que contrató los servicios del licenciado Toro Soto para que lo representara en una demanda contra una compañía aseguradora. El se-ñor Galarza Torres indicó que ha tratado de comunicarse con el abogado, pero sus gestiones no han tenido éxito. Se-ñaló, además, que el letrado mantiene en su posesión una parte del expediente de otro caso en el que el licenciado Toro Soto fungió como su abogado.
La queja AB-2010-189 de 21 de julio de 2010 la presentó la Sra. Wilma Western Ortiz. Esta alegó que contrató al licenciado Toro Soto para que la representara en una de-manda sobre acoso laboral. Según se narra en la queja, el abogado no asistía a las citas, las cancelaba unas horas antes y las posponía. Se desaparecería por semanas y luego meses. Posteriormente, la señora Western Ortiz descubrió que en el caso aún no se había emplazado a la parte de-mandada, hecho que el abogado negó, pero que dio base a que el Tribunal de Primera Instancia desestimara la de-manda presentada. La quejosa ya cuenta con nueva repre-sentación legal. Sin embargo, el licenciado Toro Soto aún mantiene en su posesión varios documentos de su ex-clienta, incluido su expediente médico. La señora Western Ortiz sostuvo que sus intentos por obtener estos documen-tos han sido en vano.
La queja AB-2010-230 de 1 de septiembre de 2010 la instó el Sr. Antonio García García. Este alegó que contrató los servicios del licenciado Toro Soto en julio de 2009 para efectuar un procedimiento de partición de herencia. Con posterioridad al pago, el señor García García estuvo meses sin poder contactar al licenciado Toro Soto. El abogado res-pondió a las llamadas del quejoso solo después de que este le informara, por medio de un mensaje telefónico, que ha-bía recibido una notificación del tribunal apercibiéndole de que su caso estaba próximo a ser desestimado. Aún así, el señor García García siguió sin poder comunicarse con el *658 abogado durante meses. El quejoso indica, además, que el tribunal le impuso una multa de $100 debido a que el abo-gado nunca le informó que había recibido una notificación que le requería comparecer a una vista pautada para el 12 de abril de 2010.
La queja AB-2010-263 de 7 de octubre de 2010 la expu-sieron el Sr. Francisco Colón Jurado y la Sra. María E. Colón Jurado, quienes son hermanos. Estos alegaron que, en junio de 2008, solicitaron los servicios del licenciado Toro Soto para que les tramitara una declaratoria de herederos. En la queja indicaron que desde entonces nada saben de las gestiones que el abogado supuestamente hizo. Señalaron que la última vez que hablaron con el licenciado Toro Soto, este les informó que había mudado su oficina y les proveyó una dirección en la que, según comprobaron luego, no existía tal oficina. Desde entonces el abogado no contesta sus llamadas.
La queja AB-2010-287 de 9 de noviembre de 2010 la trajo ante nos la Sra. Rosa E. Sánchez Mercado. Esta alegó que contrató al licenciado Toro Soto para que le llevara un caso sobre despido injustificado y discrimen en el empleo. La señora Sánchez Mercado indicó que, en los tres años y ocho meses que el licenciado Toro Soto estuvo a cargo de su caso, no hizo descubrimiento de prueba ni compareció al tribunal, incumplimiento que le mereció al abogado varias sanciones. Según surge de la minuta de una conferencia sobre el estado de los procedimientos en el caso, incluida como apéndice de la queja, el 25 de octubre de 2010 la quejosa tuvo que comparecer ante el tribunal sin represen-tación legal. A preguntas del juez, informó que prescindió de los servicios del licenciado Toro Soto, pero que este le entregó el expediente incompleto. Como resultado, el tribunal ordenó citar al abogado al próximo señalamiento so pena de desacato, con $10,000 de fianza. Además, le ordenó presentar prueba de que pagó una sanción de $200 im-puesta el 8 de octubre de 2010.
*659 La señora Sánchez Mercado también señaló que el li-cenciado Toro Soto también desatendió dos casos en los que ella figuraba como codemandada. Por último, relató que su hija contrató al licenciado Toro Soto para que le llevara una demanda, pero el abogado no hizo nada.
Respecto a cada una de las referidas quejas, este Tribunal le envió una primera comunicación al abogado en la que le requería contestar la queja en su contra. En varios casos, el servicio de correos devolvió las misivas porque el destinatario se mudó sin dejar dirección adonde remitirle la correspondencia o nunca la reclamó. Ninguna de las quejas fue contestada. Por ello, le enviamos al abogado una segunda notificación de cada queja, en la mayoría de los casos, a direcciones alternas. Aún así, el licenciado Toro Soto no compareció.
Habida cuenta de lo anterior, emitimos en cada uno de los casos sendas Resoluciones mediante las cuales concedi-mos al licenciado Toro Soto un término final para que com-pareciera ante nos y contestara cada una de las quejas presentadas en su contra. En cada Resolución se le aperci-bió de que su incumplimiento con lo allí dispuesto podría conllevar sanciones disciplinarias severas, incluso suspen-derlo del ejercicio de la profesión. La Oficina del Alguacil de nuestro Tribunal debía notificar personalmente al abo-gado estas Resoluciones.
El 18 de febrero de 2011, dos alguaciles se dirigieron a la dirección residencial del licenciado Toro Soto para dili-genciar todas las Resoluciones dictadas. Según surge del informe de los alguaciles, el cual obra en los expedientes de las quejas contra el licenciado Toro Soto, el abogado no se encontraba en la residencia, y se le dejó allí una Hoja de Aviso. La encargada de un negocio adyacente, al ser inter-pelada por los alguaciles, les informó que el licenciado Toro Soto se encontraba en el estado de Massachusetts. A su vez, otra vecina informó que el abogado no residía en el lugar. Así, pues, los alguaciles devolvieron un diligencia-miento negativo.
*660 Hoy, el licenciado Toro Soto aún no ha comparecido para contestar las quejas en su contra, en incumplimiento de nuestros requerimientos. Procede, pues, tomar acción dis-ciplinaria contra el abogado.
II
Sabido es que los abogados tienen el deber y la obligación de responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente aquellos relacionados con procedimientos disciplinarios sobre su conducta profesional. Hemos señalado, además, que procede la suspensión inmediata de aquellos miembros de la profesión que incumplan con nuestros requerimientos e ignoren los apercibimientos de sanciones disciplinarias. In re Borges Lebrón, 179 D.P.R. 1037 (2010); In re López de Victoria Bras, 178 D.P.R. 888 (2010); In re Reyes, Rovira, 139 D.P.R. 42 (1995). Asimismo, hemos ex-presado que los abogados tienen la obligación de responder diligentemente a nuestras órdenes, independientemente de los méritos de la queja presentada en su contra. In re Borges Lebrón, supra. Cónsono con lo anterior, hemos resuelto que no cumplir oportunamente con las órdenes de este Foro y, por lo tanto, mostrarse indiferente ante nuestros señalamientos y apercibimientos, es razón suficiente para suspender a un abogado del ejercicio de la profesión. íd.
Por otro lado, es deber de los abogados y notarios notificar cualquier cambio en su dirección postal o física a este Tribunal. In re Borges Lebrón, supra; In re Serrallés III, 119 D.P.R. 494, 495 (1987). En específico, la Regla 9(j) del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, impone a todo abogado la obligación de notificar oportunamente cualquier cambio de dirección, ya sea física o postal, a la Secretaría de este Tribunal. Para facilitar este proceso, *661 hemos establecido el Registro Único de Abogados y Aboga-das, cuyo propósito principal es centralizar en una sola base de datos la información de las personas que este Tribunal autoriza a ejercer la abogacía y la notaría. Asi-mismo, las Reglas 65.3 y 67.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V, establecen que las notificaciones sobre ór-denes, resoluciones y sentencias se les enviarán a los abo-gados a la dirección que conste en el registro del Tribunal Supremo.
Por esta razón, el 3 de junio de 2010, emitimos una Resolución mediante la cual le ordenamos a todos los abogados a que, en cumplimiento con la Regla 9(j) del Reglamento del Tribunal Supremo, supra, revisaran y actualizaran, de ser necesario, sus direcciones registradas en el Registro Único de Abogados y Abogadas dentro de los próximos treinta días. In re Rs. Proc. Civil y R.T Supremo, 179 D.P.R. 174 (2010). Además, en dicha Resolución recordamos a los abogados que el incumplimiento con lo ordenado en esta podría conllevar la imposición de sanciones en su contra, incluso sanciones disciplinarias. No olvidemos que cuando un abogado incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. In re Borges Lebrón, supra; In re Sanabria Ortiz, 156 D.P.R. 345, 349 (2002); In re Santiago Méndez, 141 D.P.R. 75, 76 (1996). El incumplimiento de tal deber es suficiente para decretar la separación indefinida de la abogacía. In re Soto Colón, 155 D.P.R. 623, 642 (2001); In re Berrios Pagán, 126 D.P.R. 458, 459 (1990).
III
El licenciado Toro Soto no ha comparecido ante nos para contestar las siete quejas presentadas en su contra. Res-pecto a cada una de las quejas, se le envió una primera *662 comunicación, la cual en la gran mayoría de los casos el servicio de correos devolvió. Se le envió, además, una se-gunda notificación a direcciones alternas, pero aún así no compareció. Por último, emitimos una Resolución en la cual le concedimos un término final al abogado para que compareciera y contestara las quejas en su contra. Esta resolución, la cual se debía notificar personalmente, no pudo ser diligenciada porque el licenciado Toro Soto, a to-das luces, ya no reside en la dirección que consta en el Registro Único de Abogados y Abogadas.
De la exposición anterior se deduce que el licenciado Toro Soto no ha cumplido con su deber de mantener al día su dirección en el Registro Único de Abogados y Abogadas. Este incumplimiento ha entorpecido el ejercicio de nuestra jurisdicción disciplinaria, con la consecuencia de que todos nuestros requerimientos de comparecencia se han ignorado. Tal grado de indiferencia es inaceptable. Resulta evidente que el abogado no interesa continuar ejerciendo la profesión. Además, las quejas discutidas anteriormente de-muestran que este no está apto para ejercerla un día más. Por consiguiente, ordenamos la suspensión inmediata e in-definida del Sr. Ángel R. Toro Soto del ejercicio de la abo-gacía.
El abogado notificará a sus clientes que por estar sus-pendido de la profesión no puede continuar representándo-los y les devolverá los expedientes de cualquier caso pen-diente y los honorarios recibidos por trabajos no realizados. Además, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.
Se ordena al Alguacil General de este Tribunal que se incaute la obra notarial del licenciado Toro Soto.

Se dictará sentencia de conformidad.