Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re | 2011 TSPR 197 |
| | 183 DPR ____ |
| Fernando E. Betancourt Medina | |

Número del Caso: AB-2011-55

Fecha: 9 de diciembre de 2011

Materia: Conducta Profesional- La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

FERNANDO E. BETANCOURT
MEDINA

*Queja*

**Núm.** AB-2011-055

*PER CURIAM*

En San Juan, Puerto Rico, a 9 de diciembre de 2011.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria.

I

El Lcdo. Fernando E. Betancourt Medina (licenciado Betancourt Medina), fue admitido al ejercicio de la abogacía el 6 de junio de 1983 y al ejercicio de la notaría el 8 de julio de 1983. Se ha presentado una Queja en contra de éste, la que resumimos a continuación.

El 1 de marzo de 2011 el señor William Umpierre Cruz presentó la Queja de epígrafe en la que solicitó la renuncia del licenciado Betancourt Medina en el caso civil Núm. DAC2009-0199, en el cual éste representa al quejoso desde hace aproximadamente dos (2) años. El Sr. Umpierre Cruz entiende que el licenciado Betancourt Medina ha incumplido con su deber profesional por las siguientes razones:

(1) No existe un contrato firmado que establezca el acuerdo de representación legal; (2) el licenciado Betancourt Medina alega que el quejoso le debe dinero por su representación legal, pero no ha presentado ninguna factura detallando sus honorarios y donde se refleje el recibo de los dineros pagados en efectivo acreditados a la deuda; (3) el licenciado Betancourt Medina le ha solicitado al quejoso el pago de las penalidades impuestas por el Tribunal por su incomparecencia a dos (2) vistas; (4) el licenciado Betancourt Medina el 19 de enero de 2011 se negó a aceptar un acuerdo que daba por terminado el caso civil donde representa al quejoso (esto por la razón de que el quejoso le adeuda dinero; no obstante, no le ha presentado ninguna factura al respecto); (5) que el quejoso se siente amenazado por los mensajes de texto y mensajes de voz que envía el licenciado Betancourt Medina donde indica que le va a embargar o demandar por no pagarle los servicios prestados, de los cuales no tiene

ningún tipo de evidencia o documento; y (6) finalmente que el licenciado Betancourt Medina le solicitó como pago bienes personales no expuestos.

Presentada la Queja el 1 de marzo de 2011 y luego de habérsele cursado al licenciado Betancourt Medina varias comunicaciones por la Subsecretaria de este Tribunal, las cuales fueron devueltas por el correo por la razón de "MOVED LEFT NO ADDRESS",[1] el 17 de mayo de 2011 le concedimos un término final de cinco (5) días para que emitiera su contestación y le apercibimos que su incumplimiento con lo ordenado conllevaría sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Dicha Resolución fue notificada personalmente el 7 de junio de 2011.

No obstante, el licenciado Betancourt Medina no ha comparecido haciendo caso omiso a nuestros requerimientos.

## II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente

---

[1] La dirección a la que se le remitieron los documentos relativos a esta Queja fue: 525 Ave. Rotarios, Piso 2, Arecibo, Puerto Rico 00613 (el 25 de marzo y 4 de abril de 2011), los cuales fueron devueltos por el correo por razón de "MOVED LEFT NO ADDRESS".

cuando se trata de procedimientos sobre su conducta profesional. Véanse, por ejemplo, In re Nieves Nieves, Op. de 7 de marzo de 2011, 2011 T.S.P.R. 33, 181 D.P.R. ___ (2011); In re Segarra Arroyo, 180 D.P.R. 434 (2010); In re Dávila Toro, 179 D.P.R. 833 (2010); In re García Incera, 177 D.P.R. 329 (2009); In re Colón Rivera, 165 D.P.R. 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. In re García Incera, supra; In re Maldonado Rivera, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re García Incera, supra; In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abogado tiene la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. In re García Incera, supra; In re Rodríguez Bigas, 172 D.P.R. 345 (2007).

Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, **sino a la**

**jurisdicción disciplinaria de este Tribunal**. In re García Incera, *supra*.

Por otro lado, es deber de los abogados y notarios notificar cualquier cambio en su dirección postal o física ante este Tribunal. In re Borges Lebrón, 2010 T.S.P.R. 211, 179 D.P.R. Ap. (2010); In re Serrallés III, 119 D.P.R. 494, 495 (1987). En específico, la Regla 9(j) del Reglamento de este Tribunal le impone a todo abogado la obligación de notificar oportunamente cualquier cambio de dirección, ya sea física o postal, a la Secretaría de este Tribunal. 4 L.P.R.A. Ap. XXI-A, R. 9(j). Para facilitar este proceso hemos establecido el Registro Único de Abogados y Abogadas, cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. Asimismo, las Reglas 65.3 y 67.2 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, establecen que las notificaciones sobre órdenes, resoluciones y sentencias se les notificarán a los abogados y a las abogadas a la dirección que conste en el registro del Tribunal Supremo.

Por esta razón, el 3 de junio de 2010, emitimos una Resolución mediante la cual le ordenamos a todos los abogados y abogadas a que, en cumplimiento con la Regla 9(j) del Reglamento de este Tribunal, *supra*, revisaran y actualizaran, de ser necesario, sus direcciones registradas en el Registro Único de Abogados y Abogadas dentro de los próximos 30 días. Además, en dicha Resolución le recordamos a los abogados y a las abogadas que el incumplimiento con lo ordenado en ésta podría conllevar la imposición de sanciones en su contra, incluyendo sanciones

disciplinarias. No olvidemos que cuando un abogado incumple con su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. In re Borges Lebrón, *supra*; In re Sanabria Ortiz, 256 D.P.R. 345, 349 (2002); In re Santiago Méndez, 141 D.P.R. 75, 76 (1996). El incumplimiento de tal deber es suficiente para decretar la separación indefinida de la abogacía. In re Soto Colón, 155 D.P.R. 623, 642 (2001); In re Berríos Pagán, 126 D.P.R. 458, 459 (1990).

### III

El licenciado Betancourt Medina ha incumplido con nuestros requerimientos, a pesar de haber sido apercibido de que podría imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

Un análisis del expediente del licenciado Betancourt Medina refleja de manera meridiana que la conducta de éste es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria.

Todo lo relatado denota una falta de diligencia crasa y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias. La conducta del licenciado Betancourt Medina representa una falta de respeto hacia este Tribunal.

**IV**

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente al Lcdo. Fernando E. Betancourt Medina del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Lcdo. Fernando E. Betancourt Medina, incluyendo su sello notarial, y deberá entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Fernando E. Betancourt Medina por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

FERNANDO E. BETANCOURT
MEDINA

*Queja*

**Núm.** AB-2011-055

SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2011.

Por los fundamentos antes expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Fernando E. Betancourt Medina del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Lcdo. Fernando E. Betancourt Medina, incluyendo su sello notarial, y deberá entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Fernando E. Betancourt Medina por la Oficina del Alguacil de este Tribunal.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo