per curiam:
Hoy nuevamente nos encontramos en la ne-cesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra juris-dicción disciplinaria.
I
El Ledo. Fernando E. Betancourt Medina (licenciado Betancourt Medina) fue admitido al ejercicio de la aboga-cía el 6 de junio de 1983 y al ejercicio de la notaría el 8 de julio de 1983. Se ha presentado una queja en su contra que resumimos a continuación.
El 1 de marzo de 2011 el Sr. William Umpierre Cruz presentó la Queja de epígrafe en la que solicitó la renuncia del licenciado Betancourt Medina en el caso Civil Núm. DAC2009-0199, y en el cual éste representa al quejoso desde hace aproximadamente dos años. El señor Umpierre Cruz entiende que el licenciado Betancourt Medina ha in-cumplido con su deber profesional por las razones siguien-tes:
*823 1. No existe un contrato firmado que establezca el acuerdo de representación legal.
2. El licenciado Betancourt Medina alega que el quejoso le debe dinero por su representación legal, pero no ha pre-sentado factura alguna que detalle sus honorarios y donde se refleje el recibo del dinero pagado en efectivo acredita-dos a la deuda.
3. El licenciado Betancourt Medina ha solicitado al que-joso el pago de las penalidades impuestas por el tribunal por su incomparecencia a dos vistas.
4. El 19 de enero de 2011 el licenciado Betancourt Medina se negó a aceptar un acuerdo que daba por terminado el caso civil donde representaba al quejoso (esto por que el quejoso le adeuda dinero; no obstante, no le ha presentado ninguna factura al respecto).
5. El quejoso se siente amenazado por los mensajes de texto y mensajes de voz que envía el licenciado Betancourt Medina, donde este último indica que le va a embargar o demandar por no pagarle los servicios prestados, de los cuales no tiene ningún tipo de evidencia o documento.
6. El licenciado Betancourt Medina solicitó al señor Um-pierre Cruz como pago bienes personales no expuestos.
Presentada la Queja el 1 de marzo de 2011 y luego de que la Subsecretaría de este Tribunal cursó al licenciado Betancourt Medina varias comunicaciones, las cuales fue-ron devueltas por el correo por “MOVED LEFT NO ADDRESS”,(1) le concedimos el 17 de mayo de 2011 un tér-mino final de cinco días para que emitiera su contestación y le apercibimos que su incumplimiento con lo ordenado conllevaría sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Dicha Resolución fue notificada personalmente el 7 de junio de 2011.!
No obstante, el licenciado Betancourt Medina no ha com-parecido, haciendo caso omiso a nuestros requerimientos.
*824 II
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado y toda abogada deberán observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado y abogada requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Véanse, por ejemplo: In re Nieves Nieves, 181 D.P.R. 25 (2011); In re Segarra Arroyo, 180 D.P.R. 434 (2010); In re Dávila Toro, 179 D.P.R. 833 (2010); In re García Incera, 177 D.P.R. 329 (2009); In re Colón Rivera, 165 D.P.R. 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. In re García Incera, supra; In re Maldonado Rivera, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado o una abogada no atiende con diligencia nuestros requerimientos y se muestra indiferente a nuestros apercibimientos de imponerle sanciones disciplinarias. In re García Incera, supra; In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abogado y toda abogada tiene la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. In re García Incera, supra; In re Rodríguez Bigas, 172 D.P.R. 345 (2007).
Hemos expresado que el compromiso de todo abogado y toda abogada de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re García Incera, supra.
*825 Por otro lado, es deber de los abogados notarios y abogadas notarías notificar cualquier cambio en su dirección postal o física ante este Tribunal. In re Borges Lebrón, 179 D.P.R. Ap. (2010); In re Serrallés III, 119 D.P.R. 494, 495 (1987). En específico, la Regla 9(j) del Reglamento de este Tribunal impone a todo abogado la obligación de notificar oportunamente cualquier cambio de dirección, ya sea física o postal, a la Secretaría de este Tribunal. 4 L.P.R.A. Ap. XXI-A. Para facilitar este proceso, hemos establecido el Registro Unico de Abogados y Abogadas, cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. Asimismo, las Reglas 65.3 y 67.2 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V) establecen que las notificaciones sobre órdenes, resoluciones y sentencias se cursarán a los abogados y a las abogadas a la dirección que conste en el registro del Tribunal Supremo.
Por esta razón, el 3 de junio de 2010 emitimos una Re-solución mediante la cual ordenamos a todos los abogados y todas las abogadas a que, en cumplimiento con la Regla 9(j) del Reglamento de este Tribunal, supra, revisaran y actualizaran, de ser necesario, sus direcciones registradas en el Registro Unico de Abogados y Abogadas dentro de los próximos 30 días. Además, en dicha Resolución les recor-damos a los abogados y a las abogadas que el incumpli-miento con lo ordenado en ésta podría conllevar la imposi-ción de sanciones en su contra, incluyendo sanciones disciplinarias. No olvidemos que cuando un abogado o una abogada incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. In re Borges Lebrón, supra; In re Sanabria Ortiz, 156 D.P.R. 345, 349 (2002); In re Santiago Méndez, 141 D.P.R. 75, 76 (1996). El incumplimiento de tal deber es suficiente para decretar la separación indefinida de la
*826 abogacía. In re Soto Colón, 155 D.P.R. 623, 642 (2001); In re Berrios Pagán, 126 D.P.R. 458, 459 (1990).
Ill
El licenciado Betancourt Medina ha incumplido con nuestros requerimientos a pesar de haber sido apercibido de que podría imponérsele sanciones disciplinarias seve-ras, incluyendo la suspensión del ejercicio de la profesión.
Un análisis del expediente del licenciado Betancourt Medina refleja de manera meridiana que la conducta de éste es temeraria y constituye un desafío a nuestra juris-dicción disciplinaria.
Todo lo relatado denota una falta de diligencia crasa y un alto grado de indiferencia ante nuestros apercibimien-tos de sanciones disciplinarias. La conducta del licenciado Betancourt Medina representa una falta de respeto hacia este Tribunal.
IV
Por los fundamentos antes expuestos, se suspende in-mediata e indefinidamente al Ledo. Fernando E. Betan-court Medina del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su in-habilidad para seguir representándolos, devolverles cua-lesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.
Además, deberá acreditar a este Tribunal el cumpli-miento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión per curiam y Sentencia.
El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Ledo. Femando E. Betancourt Medina, *827 incluyendo su sello notarial, y deberá entregarlos a la Ofi-cina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.
La Oficina del Alguacil de este Tribunal notificará per-sonalmente esta Opinión per curiam al Ledo. Fernando E. Betancourt Medina.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 La dirección a la que se le remitieron los documentos relativos a esta Queja fue: 525 Ave. Rotarios, Piso 2, Arecibo, Puerto Rico 00613 (25 de marzo y 4 de abril de 2011). Los documentos fueron devueltos por el correo por “MOVED LEFT NO ADDRESS”.