Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2012 TSPR 80 |
|---|---|
| Víctor Rojas Rojas | 185 DPR ____ |

Número del Caso: AB-2011-322

Fecha: 11 de abril de 2012

Materia: Conducta Profesional- La suspensión será efectiva el 23 de abril de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Víctor Rojas Rojas                    AB-2011-322

PER CURIAM

En San Juan Puerto Rico a 11 de abril de 2012.

Nuevamente nos vemos en la situación de tener que suspender a un abogado inmediata e indefinidamente del ejercicio de la profesión por incumplir con los requerimientos de este Tribunal, como parte de un proceso disciplinario en su contra. Por los fundamentos que abordamos a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Víctor Rojas Rojas.

I.

El licenciado Víctor Rojas Rojas fue admitido al ejercicio de la abogacía el 13 de julio de 2004.

El 29 de septiembre de 2011, se presentó ante nos una queja disciplinaria contra el abogado de epígrafe por parte de un cliente que alegó haber intentado infructuosamente establecer comunicación con él. Esto,

con el propósito de solicitarle que le devolviera el expediente de los documentos relacionados a un caso para el cual lo había contratado. A los fines de concederle un término de diez (10) días para que el licenciado Rojas Rojas tuviera la oportunidad de contestar la queja y plantear sus alegaciones, la Secretaría de este Tribunal le envió copia de la misma a dicho abogado, el 11 de octubre de 2011. Ese envío se dirigió mediante correo certificado a la dirección que obraba en nuestro Registro.

El envío fue devuelto por el Servicio Postal con la nota "Attempted-Not Known". En consecuencia, nuestra Secretaría realizó una segunda notificación a esa misma dirección mediante correo certificado, el 19 de octubre de 2011. Esa segunda notificación fue devuelta por "Insufficient Address".

Así las cosas, emitimos una Resolución que le fue notificada personalmente al licenciado Rojas Rojas, por conducto de un Alguacil Auxiliar de este Tribunal, el 10 de enero de 2012. En ella, detallamos los esfuerzos realizados hasta ese momento para comunicarle la queja y concederle un término para que se expresara. Asimismo, se le informó que ambas comunicaciones habían sido enviadas a la dirección que surge del Registro Único de Abogados. Además, en la Resolución se le apercibió de que se le concedía un término final e improrrogable de diez (10) días para que contestara la queja en su contra. Finalmente, se le apercibió de que su incumplimiento con esa Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

Ese mismo día en que le fue notificada la Resolución, el abogado de epígrafe acudió a la Secretaría de este Tribunal y solicitó actualizar su dirección en nuestro Registro. Para ello, ofreció una dirección distinta a la cual se habían enviado las referidas notificaciones, infructuosamente.

No obstante, el licenciado Rojas Rojas nunca compareció a contestar la queja. Al día de hoy, no ha cumplido con el requerimiento de nuestra Resolución.

## II.

Los abogados deben cumplir rigurosamente con nuestros requerimientos y responder de forma diligente y oportuna a los señalamientos que se le hacen. In re Rivera Rosado, 180 D.P.R. 698 (2011); In re Santiago Méndez, 174 D.P.R. 823 (2008). Hemos reiterado que la diligencia de los abogados al atender nuestros requerimientos cobra mayor trascendencia cuando se trata de un proceso disciplinario. In re Rivera Rosado, supra.; In re Fiel Martínez, 180 D.P.R. 426 (2010).

Así las cosas, cuando un abogado incumple con nuestros requerimientos e ignora nuestro apercibimiento de sanciones disciplinarias -incluyendo, como en este caso, el apercibimiento de que su falta de diligencia puede causar que se le suspenda de la profesión- corresponde que lo separemos inmediatamente de esta. In re Morales Rodríguez, 179 D.P.R. 766 (2010); In re Reyes Rovira, 139 D.P.R. 42 (1995); In re Fiel Martínez, supra. Por ello, hemos expresado que los abogados vienen obligados a cumplir con nuestros requerimientos aunque la acción disciplinaria que se ha

iniciado mediante queja sea inmeritoria. Íd.; In re García Vallés, 172 D.P.R. 1075 (2007).

Cabe recordar que incumplir con los requerimientos y órdenes de este Tribunal es, a su vez, una violación ética independiente. Véase, In re Fiel Martínez, supra; Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 9. Dicho Canon exige respeto hacia los tribunales por parte de los funcionarios del Tribunal que son admitidos a la profesión. Por lo tanto, no podemos tomar livianamente el incumplimiento con nuestro trámite disciplinario.

En esta ocasión, cabe recordarles nuevamente a los abogados de su deber de notificar inmediatamente a este Tribunal cualquier cambio en su dirección postal o física. In re Morales Rodríguez, supra; In re Serrallés III, 119 D.P.R. 494, 495 (1987); Regla 9(j) del Reglamento del Tribunal Supremo, 2011 T.S.P.R. 174, aprobado el 22 de noviembre de 2011. De hecho, esa Regla impone los mismos requisitos que la Regla 9(j) de nuestro Reglamento anterior. Véase, 4 L.P.R.A. Ap. XXI-AR 9. Por ello, el 3 de junio de 2010, emitimos una Resolución mediante la cual ordenamos a todos los abogados a que revisaran y actualizaran sus direcciones en dicho Registro. Cuando un abogado ignora su obligación de mantener al día ese Registro dificulta nuestra labor disciplinaria.

III.

En este caso, nos encontramos una vez más con un abogado que ignora nuestros requerimientos disciplinarios. El licenciado Rojas Rojas recibió personalmente, el 10 de enero de 2012, por medio de un Alguacil Auxiliar de este Tribunal

la Resolución en la que le apercibimos sobre las consecuencias disciplinarias que conllevaría no responder a la queja que nuestra Secretaría intentó remitirle en dos ocasiones anteriores.

A pesar de que el licenciado Rojas Rojas acudió ante nos a realizar un cambio de dirección en el Registro de Abogados, al día de hoy, no ha cumplido con la Resolución antes mencionada.

IV.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente al Lcdo. Víctor Rojas Rojas del ejercicio de la abogacía. Asimismo, se le apercibe al abogado de epígrafe que en el futuro deberá cumplir cabalmente con el ordenamiento que rige el desempeño de la profesión jurídica y, en específico, con nuestros requerimientos y órdenes.

El licenciado Rojas Rojas notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Por último, se le ordena al licenciado Rojas Rojas que nos certifique haber cumplido con los requerimientos anteriores dentro de un plazo de treinta (30) días a partir de la notificación de esta Opinión y la sentencia adjunta.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Víctor Rojas Rojas                          AB-2011-322

SENTENCIA

En San Juan Puerto Rico a 11 de abril de 2012.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Víctor Rojas Rojas del ejercicio de la abogacía. Asimismo, se le apercibe al abogado de epígrafe que en el futuro deberá cumplir cabalmente con el ordenamiento que rige el desempeño de la profesión jurídica y, en específico, con nuestros requerimientos y órdenes.

El licenciado Rojas Rojas notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Por último, se le ordena al licenciado Rojas Rojas que nos certifique haber cumplido con los requerimientos anteriores dentro de un plazo de treinta (30) días a partir de la notificación de esta Sentencia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina.

Larissa Ortiz Modestti
Secretaria del Tribunal Supremo, Interina