per curiam:
Nos vemos obligados una vez más a suspender a un miembro de la profesión jurídica por incumplir con su deber de actualizar su dirección en el Registro Unico de Abogados y Abogadas (RUA) que mantiene este Tribunal. Por los fundamentos expuestos a continuación, se ordena la suspensión inmediata e indefinida del Ledo. Harry Arroyo Rosado del ejercicio de la abogacía.
I
El Ledo. Harry Arroyo Rosado fue admitido al ejercicio de la abogacía el 19 de mayo de 1975. El 19 de marzo de *244 2013, la Directora del Programa de Educación Jurídica Continua, Leda. Geisa M. Marrero Martínez, nos informó que este no cumplió con los requisitos del Programa de Educación Jurídica Continua (Programa) para el periodo del 1 de marzo de 2007 al 28 de febrero de 2009.
Según su informe, el 3 de abril de 2009 se le envió al letrado un Aviso de Incumplimiento y se le otorgaron 60 días para completar los créditos requeridos. Ante su reiterado incumplimiento, el 23 de diciembre de 2010 se le envió una citación para una vista informal. Ya que el servicio postal devolvió la comunicación, el personal del Programa intentó infructuosamente comunicarse con el licenciado por teléfono y fax. Todos los intentos de comunicación se hicieron utilizando la información que consta en RUA. El licenciado Arroyo Rosado no compareció a la vista informal. Por ello, la Junta del Programa consideró el asunto y determinó referirlo a este Tribunal.
El 9 de mayo de 2013 concedimos al letrado un término de veinte días para que compareciera ante nos y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por haber incumplido con los requisitos de educación jurídica continua. Surge del expediente que las comunicaciones enviadas a las dos direcciones del licenciado Arroyo Rosado que constan en RUA, ambas fuera de Puerto Rico, nos fueron devueltas por el correo. A esta fecha, el licenciado no ha comparecido.
II
Los cánones del Código de Etica Profesional imponen a los profesionales del derecho la obligación de esforzarse “para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional [...]”. Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. A tono con lo anterior, la Regla 6(a) del Reglamento *245 de Educación Jurídica Continua, 4 LPRAAp. XVII-D, establece que “[t]oda abogada o todo abogado activo deberá to-mar por lo menos veinticuatro (24) horas crédito de educación jurídica continua en un período de dos (2) años”.
Según la Regla 31 Reglamento del Programa de Educación Jurídica Continua, 4 LPRAAp. XVII-E, en casos de incumplimiento, el Director o la Directora del Programa deberá citar a la persona profesional del Derecho a una vista informal. Si esta no comparece a la vista, la Junta del Programa debe referir el asunto a este Tribunal. Regla 32(C) del Reglamento del Programa de Educación Jurídica Continua, 4 LPRAAp. XVII-E.
Por otra parte, la Regla 9(j) del Reglamento de este foro, 4 LPRAAp. XXI-B, establece que la Secretaria o el Secretario del Tribunal mantendrá un registro de todos los abogados, las abogadas, los notarios y las notarías, autorizados a ejercer la profesión en Puerto Rico. Paralelamente, impone a a las personas profesionales del Derecho la obligación de notificar oportunamente cualquier cambio de dirección, ya sea física o postal, a la Secretaría de este Tribunal. Véase, además, In re Serrallés III, 119 DPR 494 (1987).
A tales efectos, este Tribunal estableció RUA, cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas en nuestra jurisdicción para ejercer la abogacía y la notaría. In re Martínez Class, 184 DPR Ap. (2012); Rodríguez Ramos, Ex parte, 181 DPR Ap. (2011). El 3 de junio de 2009 emitimos una Resolución en la cual ordenamos a todos los abogados y las abogadas a revisar y actualizar sus direcciones en RUA. In re Rs. Proc. Civil y R.T. Supremo, 179 DPR 174 (2010). Se les advirtió que el incumplimiento con esa orden podría conllevar la imposición de sanciones disciplinarias.
En efecto, hemos suspendido a varios abogados y abogadas por esta razón. In re Rivera Trani, 188 DPR 454 *246 (2013); In re Toro Soto, 181 DPR 654 (2011); In re Martínez Class, supra; Rodríguez Ramos, Ex parte, supra. Recordemos que cuando un abogado o una abogada incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de la jurisdicción disciplinaria de este Tribunal. Esta actuación es suficiente para decretar su separación indefinida de la abogacía. In re Toro Soto, supra, pág. 661.
III
Como señalamos, el licenciado Arroyo Rosado no cumplió con el requisito bienal de educación jurídica continua. El Programa le envió un Aviso de Incumplimiento y le concedió un término adicional para que cumpliera. Posteriormente, intentó citarlo a una vista informal. Las comunicaciones que se enviaron para esos fines las devolvió el servicio postal. Ante la incomparecencia del licenciado a la vista informal, la Junta del Programa nos refirió el asunto. Concedimos al letrado un término para que nos expusiera su posición. Sin embargo, la notificación de la Resolución fue devuelta.
De lo anterior se deduce que el licenciado Arroyo Rosado no cumplió con su deber de actualizar su información de contacto en RUA. Este incumplimiento obstaculizó el ejercicio de nuestra jurisdicción disciplinaria en cuanto al procedimiento iniciado por el Programa. Por lo tanto, procede que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

El licenciado deberá notificar a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal y les devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se dictará sentencia de conformidad.