EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex parte:<br><br>Ignacio Villamarzo García | 2014 TSPR 38<br><br>190 DPR ____ |

Número del Caso: TS-5345


Fecha: 3 de marzo de 2014




Materia: Conducta Profesional- La suspensión será efectiva el 17 de marzo de 2014 fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

Ignacio Villarmarzo García                TS-5345

*PER CURIAM*

En San Juan, Puerto Rico, a 3 de marzo de 2014.

Una vez más, nos vemos obligados a ejercer nuestra función disciplinaria para suspender a un miembro de la profesión jurídica por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) durante el periodo del 1 de enero de 2007 al 31 de diciembre de 2008 e ignorar los requerimientos de este Tribunal. Por los fundamentos que esbozamos a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Ignacio Villarmarzo García del ejercicio de la abogacía y la notaría.

I.

El licenciado Villarmarzo García fue admitido al ejercicio de la abogacía el 29 de diciembre de 1976

y juramentó como notario el 19 de mayo de 1977. Por haber sido nombrado como Registrador de la Propiedad, cesó por varios años el ejercicio del notariado y, el 26 de abril de 2007, fue readmitido.

El 10 de octubre de 2012, la Directora del PEJC, Lcda. Yanis Blanco Santiago, nos informó que el licenciado no cumplió con los requisitos establecidos en el Reglamento del Programa de Educación Jurídica Continua, 164 D.P.R. 155 (2005) (Reglamento de 2005), durante el periodo del 1 de enero de 2007 al 31 de diciembre de 2008. Surge del *Informe sobre incumplimiento con requisito de Educación Jurídica Continua* que se le envió un Aviso de Incumplimiento otorgándole, entre otras alternativas, 60 días adicionales para tomar los cursos. Transcurrido casi un año desde ese aviso sin que cumpliera, el PEJC le envió una citación para una vista informal.

Celebrada la vista, en la cual el licenciado estuvo presente, el Oficial Examinador recomendó otorgarle una prórroga final. Vencida la prórroga, el PEJC le concedió una segunda prórroga de 30 días para que informara su cumplimiento. El licenciado no contestó.

Llegado el asunto a nuestra consideración, concedimos un término de 20 días al licenciado Villarmarzo García para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión por incumplir con los requisitos del PEJC y por no comparecer ante el PEJC cuando fue requerido. Oportunamente, el licenciado

compareció mediante una moción en la que solicitó un término adicional para presentar unos documentos acreditativos de que había ofrecido cursos aprobados por el PEJC que se podrían acreditar a la deficiencia en créditos que tenía.

Vista su moción, el 10 de enero de 2013 concedimos un término adicional de 20 días para que cumpliera con nuestra Resolución anterior. En febrero de ese año, el licenciado solicitó otra prórroga, por lo que le concedimos un término de 10 días adicionales. Luego, el licenciado presentó una contestación a la querella en la que alegó que tenía todos los documentos que le permitirían completar los cursos exigidos por el Reglamento de 2005, *supra*.

Tras evaluar la moción, el 9 de abril de 2013, le concedimos 30 días para que presentara la certificación de cumplimiento emitida por el PEJC. A esta fecha, casi un año después, no ha comparecido para dar cumplimiento a nuestra orden. El querellado tampoco ha pagado la cuota por cumplimiento tardío.

II.

El Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C.2, dispone que:

> [a] fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional: ayudando a los tribunales, juntas y demás autoridades en la promulgación de normas y requisitos adecuados que orienten los programas educativos de las escuelas

de derecho y el proceso de admisión al ejercicio de la profesión; y sirviendo en comités, seminarios y organismos con funciones relacionadas con la divulgación, mejoramiento y aplicación de los cánones de responsabilidad profesional.

En virtud de ese canon, la Regla 28 del Reglamento de 2005, *supra*, requiere que los abogados tomen 24 créditos de educación jurídica continua cada 2 años, en cursos que ofrezca alguna institución acreditada con esos fines. Cada abogado tiene hasta 30 días después de vencido el término para acreditar su cumplimiento con los créditos.

Además, el Canon 9 de los Cánones de Ética Profesional, *supra*, C.9, exige a todo abogado responder oportunamente a los requerimientos de este Tribunal. In re Irizarry Colón, 2013 T.S.P.R. 145, 189 D.P.R. ___ (2013); In re Feliciano Jiménez, 176 D.P.R. 234 (2009). Particularmente, es indispensable obedecer a tales requerimientos cuando se trata de procedimientos disciplinarios. In re Villamil Higuera, 188 D.P.R. 507 (2013).

Consecuentemente, cuando un abogado incumple con el deber de responder a nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata e indefinida del ejercicio de la profesión. In re Reyes, Rovira, 139 D.P.R. 42 (1995). Frecuentemente, nos vemos obligados a suspender miembros de la profesión ante actitudes de indiferencia y menosprecio a nuestros señalamientos. In re Rivera Rosado, 180 D.P.R. 698 (2011).

Asimismo, nos hemos visto obligados a reiterar que incumplir con los requerimientos de este Tribunal es, en sí mismo, una violación a los Cánones de Ética Profesional. In re Fiel Martínez, 180 D.P.R. 426 (2010).

III.

Como expresado, la inobservancia de los requerimientos y órdenes de este Tribunal es una conducta reprochable por parte de los miembros de la profesión legal. Lamentablemente, en esta ocasión, el licenciado Villarmarzo García no ha dado cumplimiento a nuestra orden emitida el 9 de abril de 2013. Tampoco ha certificado su cumplimiento con los requisitos del PEJC. Casi un año después de notificada nuestra Resolución concediendo un término de 30 días, el licenciado no ha cumplido.

Por lo anterior, se suspende inmediata e indefinidamente al Lcdo. Ignacio Villarmarzo García del ejercicio de la abogacía y la notaría por incumplir con los requisitos del PEJC y no atender los requerimientos de este Tribunal. Este deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y le devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones habrán de ser certificadas a este Tribunal dentro del término de

30 días a partir de la notificación de esta Opinión y Sentencia.

Además, el Alguacil de este Tribunal procederá a incautar la obra notarial del licenciado Villarmarzo García y su sello notarial, y hará entrega de los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

Ignacio Villarmarzo García            TS-5345

SENTENCIA

En San Juan, Puerto Rico, a 3 de marzo de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Ignacio Villarmarzo García del ejercicio de la abogacía y la notaría por incumplir con los requisitos del PEJC y no atender los requerimientos de este Tribunal. Este deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y le devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones habrán de ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Además, el Alguacil de este Tribunal procederá a incautar la obra notarial del licenciado Villarmarzo García y su sello notarial, y hará entrega de los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

    Lo acordó el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora Pabón Charneco no intervinieron.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo