per curiam:
Una vez más nos vemos obligados a ejercer nuestra función disciplinaria para suspender a un miembro de la profesión jurídica por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) durante el periodo del 1 de enero de 2007 al 31 de diciembre de 2008 e ignorar los requerimientos de este Tribunal. Por los fundamentos que esbozamos a continuación, ordena-mos la suspensión inmediata e indefinida del Ledo. Ignacio Villarmarzo García del ejercicio de la abogacía y la notaría.
I
El licenciado Villarmarzo García fue admitido al ejerci-cio de la abogacía el 29 de diciembre de 1976 y juramentó como notario el 19 de mayo de 1977. Como fue nombrado Registrador de la Propiedad, cesó en el ejercicio del nota-riado por varios años, y el 26 de abril de 2007 fue readmitido.
El 10 de octubre de 2012, la Directora del PEJC, Leda. Yanis Blanco Santiago, nos informó que el licenciado no cumplió con los requisitos establecidos en el Reglamento del Programa de Educación Jurídica Continua, In re Aprobación Regl. Prog. Educ. Jur., 164 DPR 555 (2005) (Reglamento de 2005), durante el periodo del 1 de enero de 2007 al 31 de diciembre de 2008. Surge del Informe sobre In- *445 cumplimiento con Requisito de Educación Jurídica Continua que se le envió un Aviso de Incumplimiento para otor-garle, entre otras alternativas, sesenta días adicionales para tomar los cursos. Transcurrido casi un año desde ese aviso sin que cumpliera, el PEJC le envió una citación para una vista informal.
Celebrada la vista, en la cual el licenciado estuvo pre-sente, el Oficial Examinador recomendó otorgarle una pró-rroga final. Vencida la prórroga, el PEJC le concedió una segunda prórroga de tres días para que informara su cumplimiento. El licenciado no contestó.
Llegado el asunto a nuestra consideración, concedimos un término de veinte días al licenciado Villarmarzo García para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión por in-cumplir con los requisitos del PEJC y por no comparecer ante el PEJC cuando fue requerido. Oportunamente, el li-cenciado compareció mediante una moción en la que soli-citó un término adicional para presentar unos documentos acreditativos de que había ofrecido cursos aprobados por el PEJC que se podrían acreditar a la deficiencia en créditos que tenía.
Vista su moción, el 10 de enero de 2013 concedimos un término adicional de veinte días para que cumpliera con nuestra Resolución anterior. En febrero de ese año, el li-cenciado solicitó otra prórroga, por lo que le concedimos un término de diez días adicionales. Luego, presentó una con-testación a la querella en la que alegó que tenía todos los documentos que le permitirían completar los cursos exigi-dos por el Reglamento de 2005.
Tras evaluar la moción, el 9 de abril de 2013, le conce-dimos treinta días para que presentara la certificación de cumplimiento emitida por el PEJC. A esta fecha, casi un año después, no ha comparecido para dar cumplimiento a nuestra orden. El querellado tampoco ha pagado la cuota por cumplimiento tardío.
*446 II
El Canon 2 del Código de Ética Profesional, 4 LPRAAp. IX, dispone que,
[a] fin de viabilizar el objetivo de representación legal ade-cuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la partici-pación en programas educativos de mejoramiento profesional: ayudando a los tribunales, juntas y demás autoridades en la promulgación de normas y requisitos adecuados que orienten los programas educativos de las escuelas de derecho y el pro-ceso de admisión al ejercicio de la profesión; y sirviendo en comités, seminarios y organismos con funciones relacionadas con la divulgación, mejoramiento y aplicación de los cánones de responsabilidad profesional.
De acuerdo con ese canon, la Regla 28 del Reglamento de 2005, pág. 587, requiere que los abogados tomen veinticuatro créditos de educación jurídica continua cada dos años, en cursos que ofrezca alguna institución acreditada con esos propósitos. Cada abogado tiene hasta treinta días después de vencido el término para acreditar su cumplimiento con los créditos.
Además, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, exige a todo abogado responder oportunamente a los requerimientos de este Tribunal. In re Irizarry Colón, 189 DPR 913 (2013); In re Feliciano Jiménez, 176 DPR 234 (2009). Particularmente, es indispensable obedecer a tales requerimientos cuando se trata de procedimientos disciplinarios. In re Villamil Higuera, 188 DPR 507 (2013).
Consecuentemente, cuando un abogado incumple con el deber de responder a nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata e indefinida del ejercicio de la profesión. In re Reyes, Rovira, 139 DPR 42 (1995). Frecuentemente, nos vemos obligados a suspender miembros *447 de la profesión ante actitudes de indiferencia y menospre-cio a nuestros señalamientos. In re Rivera Rosado, 180 DPR 698 (2011).
Asimismo, nos hemos visto obligados a reiterar que incumplir con los requerimientos de este Tribunal es, en sí mismo, una violación a los cánones del Código de Ética Profesional. In re Fiel Martínez, 180 DPR 426 (2010).
i — I HH 1 — I
Como hemos expresado, la inobservancia de los requeri-mientos y las órdenes de este Tribunal es una conducta reprochable de los miembros de la profesión legal. Lamen-tablemente, en esta ocasión, el licenciado Villarmarzo García no ha cumplido con nuestra orden emitida el 9 de abril de 2013. Tampoco ha certificado su cumplimiento con los requisitos del PEJC. Casi un año después de notificada nuestra Resolución en la que concedimos un término de treinta días, el licenciado no ha cumplido.
Por lo anterior, se suspende inmediata e indefinida-mente al Ledo. Ignacio Villarmarzo García del ejercicio de la abogacía y la notaría por incumplir con los requisitos del PEJC y no atender los requerimientos de este Tribunal. Este deberá notificar a sus clientes que por la suspensión no puede continuar con su representación legal, y le devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, de-berá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones las certificará a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión y Sentencia. Además, el Algua-cil de este Tribunal procederá a incautar la obra notarial del licenciado Villarmarzo García y su sello notarial, y los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

*448
Se dictará Sentencia de conformidad.

Las Juezas Asociadas Señoras Rodríguez Rodríguez y Pabón Charneco no intervinieron.